Viola KING, Appellant,

v.

CITY OF MT. PLEASANT, Iowa, Employer, and Northwestern National Insurance Co., Insurance Carrier, Appellees.

Ronald DUPREE, Appellant,

v.

CITY OF MT. PLEASANT, Iowa, Employer, and Northwestern National Insurance Co., Insurance Carrier, Appellees.

Joann SANKEY, Appellant,

v.

CITY OF MT. PLEASANT, Iowa, Employer, and Northwestern National Insurance Co., Insurance Carrier, Appellees.

No. 90–1266.

Supreme Court of Iowa.

Sept. 18, 1991.

Dennis L. Hanssen and Anne L. Clark of Hopkins & Huebner, P.C., Des Moines, for appellants.

Larry L. Shepler, Davenport, for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

In this consolidated action, appellants, Viola King, Ronald Dupree and Joann Sankey, appeal from an adverse ruling in the district court. The district court affirmed a determination by the Industrial Commissioner that the appellants were entitled to workers' compensation benefits based only on the salary each received from the City of Mt. Pleasant, not on their total employment income. We affirm.

Edward King was the mayor of Mt. Pleasant, Iowa. Ronald Dupree and Joann Sankey were city council members. On December 10, 1986, Ralph O. Davis burst into a city council meeting and shot King, Dupree and Sankey. King died from the wounds he sustained during the shooting. Dupree and Sankey received serious injuries which require continued medical attention. It is undisputed that the death of Edward King and the injuries sustained by Dupree and Sankey all arose out of and in the course of their employment with the City of Mt. Pleasant.

At the time of his death, Edward King was married to Viola King and had no dependents. He was employed by Metro Mail Corporation as an administrative manager and received an annual salary of $38,868. As mayor of Mt. Pleasant, a part-time position, King received an annual salary of $4800. He also received $2000 annually from Hawkeye Bank as a director's fee.

Ronald Dupree was married and had two nondependent children at the time of the shooting. He was employed by Bluebird Midwest and received a monthly salary of $2516.67. In his part-time position as a city council member, Dupree received an annual salary of $660.

Joann Sankey was also married but had one dependent child at the time of the shooting. She was employed by the State of Iowa as a dietician for the department of corrections and received a biweekly salary of $1141.60. As compensation for her part-time work as a city council member, Sankey received an annual salary of $660.

Viola King, Edward King's widow, Dupree and Sankey each filed a claim for workers' compensation benefits. They claimed that under Iowa Code section 85.-36(10) (1987) benefits should be calculated based on their respective total incomes. The Industrial Commissioner awarded benefits in each case, but determined that under section 85.36(5) benefits should be calculated only on income received from the city. On judicial review, the district court entered one order affirming the Industrial Commissioner in all three cases. Petitioners filed this appeal.

The district court may review decisions of the Industrial Commissioner pursuant to Iowa Code chapter 17A. Iowa Code § 86.26. Section 17A.19 limits the district court's scope of review to a determination of whether the agency committed any errors of law specified in subsection eight of that section. The Commissioner's findings have the effect of a jury verdict, and the court is to broadly and liberally apply those findings in order to uphold rather than defeat the Commissioner's decision. *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 282 (Iowa 1983); *Ward v. Iowa Dep't of Transp.*, 304 N.W.2d 236, 237 (Iowa 1981). The Commissioner's determination of a question of law is given careful consideration, but is subject to our review. *Briar Cliff College v. Campolo*, 360 N.W.2d 91, 93 (Iowa 1984).

We review the decision of the district court pursuant to section 17A.20 (Administrative Procedure Act) which provides that:

An aggrieved or adversely affected party to the judicial review proceeding may obtain a review of any final judgment of the district court under this chapter by appeal. The appeal shall be taken as in other civil cases, although the

appeal may be taken regardless of the amount involved.

*See also Furry v. Iowa Dep't of Transp.,* 464 N.W.2d 869, 870 (Iowa 1991). Thus, to determine whether the district court properly exercised its power of judicial review,
> this court applies the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. If the conclusions are the same, affirmance is in order. If they are not, reversal may be required.

*Id.* at 871 (quoting *Jackson County Pub. Hosp. v. PERB,* 280 N.W.2d 426, 429–30 (Iowa 1979)). The matter of contention in this case is the proper application Iowa Code section 85.36 which provides in pertinent part:
> The basis of compensation shall be the *weekly earnings* of the injured employee at the time of the injury. Weekly earnings means gross salary, wages, or earnings of an employee to which such employee would have been entitled had the employee worked the customary hours for the full pay period in which the employee was injured, as regularly required by the employee's employer for the work or employment for which the employee was employed, computed or determined as follows and then rounded to the nearest dollar:
>
> . . . .
>
> 2. In the case of an employee who is paid on a biweekly pay period basis, one-half of the biweekly gross earnings.
>
> . . . .
>
> 4. In the case of an employee who is paid on a monthly pay period basis, the monthly gross earnings multiplied by twelve and subsequently divided by fifty-two.
>
> 5. In the case of an employee who is paid on a yearly pay period basis, the weekly earnings shall be the yearly earnings divided by fifty-two.

. . . .
> 10. If an employee earns either no wages or less than the usual weekly earnings of the regular full-time adult laborer in the line of industry in which the employee is injured in that locality, the weekly earnings shall be one-fiftieth of the total earnings which the employee has earned from all employment during the twelve calendar months immediately preceding the injury.

. . . .

Iowa Code § 85.36 (1987) (emphasis added).[1]

Appellants contend that the calculation of "weekly earnings" called for by the initial paragraph of section 85.36 is to be governed by the method that best approximates the injured employee's total wage income from all current employments. To achieve this result, appellants argue that subparagraph ten of section 85.36 must be applied to the instant case. This would entail aggregating the appellants' income from all sources, including amounts received for their private sector employment, thus resulting in a higher workers' compensation benefit.

Although we are sympathetic to the plight of appellants, the statute as drafted does not permit claimants to avail themselves of subparagraph ten merely because the weekly earnings arising from the employment in which the injury occurred do not approximate the total wage income of the injured employee. To use the mode of "weekly earnings" calculation outlined in subparagraph ten, there must be a preliminary finding that the employee "either earns no wages or less than the usual weekly earnings of the regular full-time adult laborer in the line of industry in which the employee is injured in that locality . . . ." Iowa Code § 85.36(10) (1987). Applying this test to the facts presented, both the Deputy Industrial Commissioner and the Industrial Commissioner found

---

1. In response to the Industrial Commissioner's ruling in this case, the Iowa legislature amended section 85.36 to include a basis of computation for compensation of elected or appointed officials. Iowa Code § 85.36(12) (1991). However, since 85.36(12) applies only to injuries sustained or incurred after the effective date of the act, July 1, 1990, it does not apply in this case.

that the appellants' earnings as mayor and councilpersons were not inconsistent with "the usual weekly earnings" of a full-time elected city official in the locality of Mt. Pleasant, Iowa.

Appellants argue that to limit the comparison group—that is, "the line of industry in which the employee was injured in that locality"—to elected city officials in Mt. Pleasant would render the subparagraph ten threshold requirement so restrictive as to foreclose its application in every conceivable circumstance. Appellants would thus use a more generic comparison group, such as that offered by the U.S. Department of Labor's *Dictionary of Occupational Titles.* That source would classify appellants as part of an occupational group that includes managerial occupations concerned with federal, state, local and international government activities, including legislative, judicial and administrative functions, as well as government-owned and-operated businesses throughout Iowa or some geographical subdivision thereof. This argument fails to consider that subparagraph ten, even as interpreted by the Industrial Commissioner, will continue to apply to all cases in which claimant is a prototypical part-time employee. In this latter case, the claimant would almost certainly be earning less than a "regular full-time adult laborer in the line of industry in which the employee is injured."

The interpretation of subparagraph ten adopted by the Industrial Commissioner must prevail to prevent the aggregation-of-earnings method of calculating "weekly earnings" from becoming the method of choice for any full-time employee whose weekly earnings are less than the amount listed for claimants' line of industry in any of the various governmental publications. The scheme embodied in section 85.36 was clearly not intended to allow a full-time employee with additional sources of employment income to so augment the workers' compensation benefit that would otherwise be received under subparagraphs one through eight.

Since subparagraph ten does not govern the determination of "weekly earnings" in the instant case, the calculation must come from one of the other numbered subparagraphs in section 85.36. Given that the parties have stipulated that each of the appellants received an annual salary, subparagraph five provides the correct method of calculation. The judgment of the district court is affirmed.

AFFIRMED.