Terrance D. VOSBERG, Claimant, Appellant,

v.

A.Y. McDONALD MANUFACTURING CO., Employer, Appellee.

No. 92–1527.

Court of Appeals of Iowa.

April 26, 1994.

Mark J. Sullivan of Reynolds & Kenline, Dubuque, for appellant.

Les V. Reddick of O'Connor & Thomas, P.C., Dubuque, for appellee.

DONIELSON, Chief Judge.

Terrance D. Vosberg first began working for A.Y. McDonald in October 1978 as an entry level mechanic. Vosberg served in the Navy from 1979 through 1982 where he was an electrical systems maintainer. In 1982, after his Navy stint, Vosberg returned to

A.Y. McDonald. Vosberg eventually was promoted to a position as millwright earning approximately $10.45 per hour.

Vosberg injured his back on January 8, 1989, while lifting and repairing a machine weighing approximately 100 pounds. Vosberg sought immediate medical attention. The company physician, Dr. Faber, prescribed medicine and physical therapy. Dr. Faber eventually referred Vosberg to Dr. Cairns. A bone scan performed by Dr. Cairns revealed that Vosberg sustained a herniated disc in his lower back. Dr. Cairns determined surgery was not warranted and prescribed conservative treatment. Dr. Cairns placed restrictions on Vosberg's employment and opined Vosberg sustained a ten percent impairment to his body as a whole because of the back injury. No further treatment has been prescribed.

Vosberg was unable to return to work with A.Y. McDonald. The company asserts restrictions in its union contract prohibit it from rehiring Vosberg in another position. The contract was not entered in evidence at the hearing before the Deputy Industrial Commissioner. Vosberg currently is self-employed selling Amway and selling and installing satellite television systems.

Vosberg filed an original notice and petition with the Industrial Commissioner seeking workers' compensation benefits. At the time of the arbitration hearing, Vosberg was thirty years old. Following a hearing, a Deputy Industrial Commissioner filed a proposed agency decision. The deputy concluded Vosberg proved entitlement to sixty percent industrial disability benefits. The deputy found Vosberg sustained a substantial loss of income as a result of his back injury. In addition, the deputy found Vosberg proved entitlement to healing period benefits from January 8, 1989 to September 22, 1989.

A.Y. McDonald appealed. The Industrial Commissioner found Vosberg's condition had stabilized and further improvement was not expected after November 7, 1989. Therefore, the Industrial Commissioner concluded Vosberg proved entitlement to healing period benefits from January 8, 1989 to November 7, 1989. The Industrial Commissioner found the employer's refusal to rehire Vosberg was not the employer's decision but mandated rather by the union contract. Therefore, the Industrial Commissioner concluded that Vosberg's industrial disability was not increased by the employer's refusal to rehire. See McSpadden v. Big Ben Coal Co., 288 N.W.2d 181 (Iowa 1980). The Industrial Commissioner concluded Vosberg proved entitlement to thirty-five percent industrial disability benefits.

Vosberg filed a petition for judicial review. The district court affirmed the decision of the Industrial Commissioner. The district court concluded substantial evidence supported the Industrial Commissioner's determination of healing period benefits and industrial disability benefits.

Vosberg appeals. We reverse the district court's review of the Industrial Commissioner's decision and remand this case to the Industrial Commissioner for further proceedings consistent with this opinion.

■ In its review of the Industrial Commissioner's decision, the district court functions in an appellate capacity to correct errors of law. Iowa Code § 17A.19(8) (1993). Section 17A.19 circumscribes the district court's review to a determination whether the agency committed any errors of law specified in subsection 17A.19(8). King v. City of Mt. Pleasant, 474 N.W.2d 564, 565 (Iowa 1991). The agency's findings of fact have the effect of a jury verdict and are to be broadly and liberally applied to uphold the agency decision. Id.; Beier Glass Co. v. Brundige, 329 N.W.2d 280, 282 (Iowa 1983). The district court gives careful consideration of the Commissioner's conclusions of law, but is not bound by them. Briar Cliff College v. Campolo, 360 N.W.2d 91, 93 (Iowa 1984). The district court must reverse, modify, or grant other appropriate relief from agency action affected by errors of law. Iowa Code § 17A.19(8)(e).

■ We review the decision of the district court pursuant to Iowa Code section 17A.20. We apply the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court's. King, 474 N.W.2d at 565. If our conclusions are the same, we affirm the

district court. If they are not, we reverse. *Henry v. Iowa Dep't of Transp.*, 426 N.W.2d 383, 385 (Iowa 1988). Section 17A.19(8) requires relief "if substantial rights of the petitioner have been prejudiced." The agency action may not be:

a. In violation of constitutional or statutory provisions;

b. In excess of the statutory authority of the agency;

c. In violation of an agency rule;

d. Made upon unlawful procedure;

e. Affected by other errors of law;

f. In a contested case, unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole; or

g. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

Iowa Code § 17A.19(8). Evidence is substantial if a reasonable person would find it adequate for reaching a decision. *Peoples Memorial Hosp. v. Iowa Civil Rights Comm'n*, 322 N.W.2d 87, 91 (Iowa 1982); *Eaton v. Iowa Dep't of Job Serv.*, 376 N.W.2d 915, 917 (Iowa App.1985). The question is not whether the evidence might support a different finding but whether the evidence supports the findings actually made. *Henry v. Iowa Dep't of Job Serv.*, 391 N.W.2d 731, 734 (Iowa App.1986). The fact that two inconsistent conclusions can be drawn from the evidence does not mean that one of those conclusions is unsupported by substantial evidence. *Id.*

■ The Deputy Industrial Commissioner made extensive findings of fact in his decision. The Industrial Commissioner adopted those findings without modification as final agency action. The district court, in its review of the agency's decision, made its own findings which do not coincide with the agency's findings in several details. The agency found "claimant is never to lift over 10 pounds." and Dr. Cairns "testified he agreed [with the restriction]." The district court found Dr. Cairns "limited Claimant's weight lifting to somewhere between 20 and 30 pounds." The district court's conclusion of

law is claimant has "a 30–pound lifting restriction." The agency also found:

> Claimant's hope is that since he is unable to work in jobs requiring the type of physical work he was doing at the time of his injury, his work with his Amway business can hopefully earn him as much money as he earned at defendant employer. This is a highly motivated goal, *but obviously from the record he is far from reaching it at this time and it will take considerable effort. The undersigned is not going to speculate as to whether claimant will reach that goal.* (Emphasis added.)

The 1990 gross income from Amway and Vosberg's satellite dish business as of August 1990 was $4,000 from Amway and $3,000 from selling satellite dishes. Vosberg was working fifty hours weekly on Amway, trying to build the business because he no longer was able to install the satellite dishes because of his injury. The district court, in contrast, found Vosberg "expects to make as much or more in earnings as he did at A.Y. McDonald." Even though the district court states it is bound by the agency's findings if they are supported by substantial evidence in the record, we conclude the district court reviewed the agency's findings de novo instead of for correction of errors of law as specified by statute. Iowa Code § 17A.19(8); *see King*, 474 N.W.2d at 565.

■ We have a duty to correct the district court's errors of law. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429 (Iowa 1979). We apply the standards of Iowa Code section 17A.19(8) to the agency decision to determine whether our conclusions are the same as the district court. They are not. We conclude the determination Vosberg suffered a thirty-five percent industrial disability is unsupported by substantial evidence in the record as a whole. His education and experience make him suited for manual labor. His injury completely prevents him from engaging in the type of employment for which he is best suited. A.Y. McDonald will not rehire him in a nonlabor, supervisory or managerial capacity. Vosberg is striving to build his Amway business. It likely will be several years before he is able to generate income comparable to what he was earning before the injury.

He may never be able to have comparable earnings. We conclude the district court erred in its review of the Industrial Commissioner's decision and reverse the decision of the district court affirming the agency. *Henry*, 426 N.W.2d at 385.

We next review the conclusions of the Industrial Commissioner. *Briar Cliff College*, 360 N.W.2d at 92. "Our policy is to liberally construe workers' compensation statutes in favor of the worker." *Mortimer v. Fruehauf Corp.*, 502 N.W.2d 12, 14 (Iowa 1993) (quoting *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983)). We determine, for the reasons discussed, the Industrial Commissioner's conclusion Vosberg suffered a thirty-five percent industrial disability was arbitrary and unsupported by substantial evidence. The Deputy Industrial Commissioner concluded Vosberg suffered a sixty percent industrial disability. This determination was based on the evidence and application of existing law. The award would provide Vosberg with about what he would have earned in three years as a millwright. The Industrial Commissioner, in his review of the deputy's decision, determined Vosberg suffered a thirty-five percent disability. The Commissioner concluded Vosberg's work activity is limited to manual labor jobs. His injury prevents him from engaging in that type of employment. The Commissioner then stated, "Based on these and all other factors of industrial disability, claimant has an industrial disability of 35 percent." The plain statement the appropriate factors were considered does not provide us with the basis for the Commissioner's decision. We conclude the change in disability rating from sixty to thirty-five percent was arbitrary. We therefore remand this case to the Industrial Commissioner for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

All Judges concur except SACKETT, J., who dissents.

SACKETT, Judge, (dissenting).

I dissent. I would affirm.