**E.N.T. ASSOCIATES and Aetna Casualty Insurance Company, Appellants,**

v.

**Marvin E. COLLENTINE, Appellee.**

No. 93–1132.

Supreme Court of Iowa.

Dec. 21, 1994.

Thomas J. Shields and Maria Mihalakis Waterman of Lane & Waterman, Davenport, for appellants.

Vicki L. Seeck of Betty, Neuman & McMahon, Davenport, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

The question on appeal is whether, in a review-reopening proceeding, the industrial commissioner may rely solely upon a claimant's uncorroborated testimony that his earning capacity has decreased in allowing additional industrial disability benefits. The district court concluded the industrial commissioner's award of additional benefits was supported by substantial evidence. We affirm.

The respondent, Marvin Collentine, suffered a herniated disc while employed as an otolaryngologist with the petitioner, E.N.T. Associates. Collentine received the injury while helping operating room staff move a patient on whom Collentine had operated. The injury left Collentine with chronic pain in his legs that initially required him to curtail his surgery practice. Collentine continued to specialize in the treatment of allergies. Collentine sought workers' compensation benefits and was ultimately awarded benefits on the basis of a finding that he had suffered a twenty percent industrial disability to the body as a whole.

Collentine subsequently determined he could not perform his surgery practice with the pain he suffered from his injuries and quit that practice. He still treated allergies. This change in his practice reduced his salary.

Collentine petitioned for a review-reopening hearing alleging that he was entitled to

additional disability benefits because of a reduction in his earning capacity caused by his injury. Collentine did not introduce any new medical expert testimony regarding a change of condition but claimed that he decided to abandon his surgery practice because he determined he could not competently perform surgeries with the pain he was suffering from the injury.

A deputy industrial commissioner determined that Collentine suffered an additional forty percent loss of earning capacity over the original arbitration award. The industrial commissioner affirmed the deputy's decision on the appeal by E.N.T. Associates and its workers' compensation carrier, Aetna Casualty Insurance Co.

E.N.T. Associates and Aetna sought judicial review asserting that the industrial commissioner's decision awarding additional benefits was not supported by substantial evidence. The district court affirmed the industrial commissioner's decision. E.N.T. Associates and Aetna filed this appeal.

■■■ Our scope of review is for the correction of errors at law. *King v. City of Mt. Pleasant*, 474 N.W.2d 564, 565–66 (Iowa 1991). In determining whether the district court erred in exercising its power of judicial review, we apply the standards of Iowa Code section 17A.19(8) (1993) to the agency action to determine whether our conclusions are the same as those of the district court. *Jackson County Pub. Hosp. v. PERB*, 280 N.W.2d 426, 429–30 (Iowa 1979). On review, the industrial commissioner's findings of fact are binding on this court if reasonable minds can draw different inferences from the evidence or if the evidence is in dispute. *Gallardo v. Firestone Tire & Rubber Co.*, 482 N.W.2d 393, 395 (Iowa 1992). The test is whether the commissioner's decision is supported by substantial evidence. *Id.* at 395.

■■■ Pursuant to Iowa Code section 86.14(2), the industrial commissioner is authorized to reopen an award of workers' compensation benefits to determine whether or not the condition of the employee warrants a decrease or increase in compensation. The claimant carries the burden of establishing by a preponderance of the evidence that,

subsequent to the date of the award under review, he or she has suffered an impairment or lessening of earning capacity proximately caused by the original injury. *Blacksmith v. All-American, Inc.*, 290 N.W.2d 348, 350 (Iowa 1980). The necessary showing in a review-reopening proceeding may be made without proof of change in physical condition. *Id.* at 350. We have recognized that industrial disability is the product of many factors, not just physical impairment. *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 192 (Iowa 1980). Other factors include age, education, experience, and inability, because of the injury, to engage in employment for which the employee is fitted. *Id.* (citing *Olson v. Goodyear Serv. Stores*, 255 Iowa 1112, 1121, 125 N.W.2d 251, 257 (1963)).

In the present case there is no dispute that Collentine has suffered an industrial disability, nor is there any dispute that his income has dramatically decreased since his injury. The question is whether there is substantial evidence in the record supporting the agency's conclusion that Collentine's retirement was not voluntary and that his worsened condition was not contemplated at the time of the original disability hearing. E.N.T. claims that in order to prove that his condition had worsened, Collentine was required to submit additional expert medical testimony to corroborate his opinion that he could no longer safely perform surgery. We disagree.

The record reveals that in the original hearing, Collentine stated he believed he was still capable of performing certain surgeries. In awarding Collentine disability benefits, the industrial commissioner determined that although Collentine was concerned about not being capable of performing surgery, there was no evidence at that time this would happen. However, years later Collentine determined that the pain in his legs and back was too severe and restricted his ability to safely perform any surgical procedures. Collentine decided to focus his practice on allergies. He put considerable time and effort into this endeavor. However, his income decreased markedly. Any increased disability benefits he may receive in this proceeding will not equal the lost income he has experienced by changing his practice. Although Collentine testified at the review-reopening

proceeding that he may have been able to perform some surgeries, he was not confident in his ability to perform them competently. E.N.T. argued that Collentine voluntarily reduced his income in order to obtain disability benefits and retire.

■ It is within the province of the industrial commissioner to determine the credibility of the witnesses. *Jackson County*, 280 N.W.2d at 429–30. The industrial commissioner and the district court found Collentine to be an intelligent, capable and credible witness. Both tribunals concluded that a change in Collentine's condition not contemplated at the time of the original hearing had occurred justifying an increase in disability benefits.

■ We reject E.N.T.'s argument that expert testimony was necessary. While our courts have recognized that determining whether an injury or disease has a direct causal connection with employment is within the domain of expert testimony, *Department of Transportation v. Van Cannon*, 459 N.W.2d 900, 904 (Iowa App.1990), there is no requirement either in the workers' compensation or the industrial services division statutes that medical evidence is necessary to show a change of condition for purposes of awarding additional permanent partial disability benefits in a review-reopening proceeding. *See* Iowa Code chs. 85, 86 (1993). In fact, we have considered laywitness testimony in determining the extent of an employee's injury and disability. *Lauhoff Grain Co. v. McIntosh*, 395 N.W.2d 834, 840 (Iowa 1986).

■ We believe the record supports the agency's conclusion that Collentine quit performing surgery based on his feelings of duty to protect his patients' safety and not merely to retire and enjoy disability benefits. We conclude there is substantial evidence to support the industrial commissioner's determination that Collentine was entitled to additional benefits and we affirm the judgment of the district court.

**AFFIRMED.**