Douglas WILLIAMSON, Appellant,

v.

Wellman FANSTEEL and Insurance Company of North America, Appellees.

No. 97–1762.

Supreme Court of Iowa.

June 3, 1999.

D. Barry Moranville of Moranville, Jackson & Sherinian, P.C., West Des Moines, for appellant.

Charles E. Cutler and Coreen K. Bezdicek of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, L.L.P., Des Moines, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

SNELL, Justice.

Petitioner, Douglas Williamson, appeals from the district court's decision affirming the Iowa Industrial Commissioner in a review-reopening proceeding. Williamson applied for additional permanent partial disability benefits. Upon reviewing the record, we now affirm the district court.

## I. Background Facts and Proceedings

Williamson worked for respondent Wellman Fansteel and continues to be employed there. In 1988, he injured his back on the job, and underwent two lumbar laminectomies. In 1991, he reached an approved settlement with Wellman and its insurance carrier, receiving an award of twenty-two and one-half percent permanent partial disability to the body as a whole. Williamson continued to work at Wellman in the same supervisory position he held before.

On August 4, 1994, Williamson filed a petition for review reopening pursuant to Iowa Code section 86.14 (1993). He claimed his condition had worsened since 1991 in a manner not contemplated by the parties at the time of the settlement. Based on this occurrence, he claimed he was entitled to additional permanent partial disability benefits.

Following a hearing, the deputy industrial commissioner ruled that Williamson was not entitled to any additional benefits. On appeal to the industrial commissioner, the decision of the deputy was affirmed. Williamson then petitioned and received a judicial review by the district court which affirmed the industrial commissioner.

In our review of agency action, two issues are raised by Williamson. He first claims that the commissioner's decision is not supported by substantial evidence. Next, he asks for a reversal based on the claim that the district court adopted verba-

tim a proposed opinion drafted by respondents at the court's request.

## II. Scope of Review

■ Our review is governed by Iowa Code section 17A.19(8)(e) and (f) (1993) whereby we may reverse, modify, or grant other appropriate relief based on an error of law or where the decision is not supported by substantial evidence.

## III. Substantial Evidence

■ The deputy commissioner and commissioner found that Williamson's low back symptomology showed a deterioration of his back since the settlement and he was experiencing shooting pains in his left leg. However, the commissioner found that he did not prove he suffered a physical change in condition relating to the original injury. To recover in a review-reopening proceeding Williamson was required to prove that subsequent to the date of the settlement award he suffered an impairment or lessening of earning capacity or an increase in industrial disability proximately caused by the injury. *Blacksmith v. All–American, Inc.*, 290 N.W.2d 348, 350 (Iowa 1980). Williamson does not claim that he has had a change in his economic condition and therefore does not seek to qualify as having impaired or lessened earning capacity.

Williamson seeks to prove he suffered a physical change of condition not contemplated at the time of the 1991 settlement. On this issue the commissioner compared the evidence presented by Dr. Ronald K. Bunten and Dr. Ronald C. Evans at the time of the original settlement agreement with that of Dr. Daniel J. McGuire, who treated Williamson after that on ten different occasions. The commissioner's decision states as follows:

> Dr. McGuire opined on September 21, 1995, that: "There have not been significant changes in his complaints or in his x-rays, or anything like that."
>
> Dr. McGuire opined on October 5, 1995 that ... there had not been any significant change in claimant's over all situation. Dr. McGuire felt that the extent of changes was not unexpected. Dr. McGuire did not change claimant's work restrictions and did not expect the changes in claimant's condition to result in any major change in his physical activities. Dr. McGuire has indicated that claimant could end up with another surgery. The surgery, however, would not change claimant's capabilities of working and/or his restrictions. Dr. McGuire thought claimant's symptoms were occurring more frequently. Claimant has not had surgery. Claimant continues to work at the same job he returned to following his work injury. He has the same pay and same job duties. Claimant is five feet ten inches tall. He gained 50 pounds from July 1988 to April 1995 when he weighed 285 pounds.
>
> At that time of the settlement claimant had trouble riding in a car and was avoiding physical activities. He had left leg pain and some occasional problems with his right leg.

In deciding that Williamson had not proved a change of physical condition that was not contemplated at the time of the 1991 settlement, the commissioner made these findings.

> There has been no additional surgery. There has been no change in permanent impairment ratings nor in work restrictions. Dr. McGuire thought the change in symptoms was expected. Claimant had pain in his back, left leg and some in the right leg both before and after the 1991 settlement. Although claimant asserts an increase in frequency and possible magnitude of symptoms, he has sought medical care from Dr. McGuire only nine times in a three year period. The increase in symptoms may be due in part to claimant's weight gain and the normal aging process.

■ Claimant faults the commissioner on this issue for not sufficiently considering the lay witnesses as to the changes in

Williamson's physical condition. The commissioner stated that he reviewed de novo the deputy's decision which found an increase in Williamson's symptoms of pain. He found that Williamson was experiencing increased pain, as claimed and which was supported by lay testimony. He did not agree, however, that the worsened condition was proximately caused by the original injury in a way not contemplated at the time of the original settlement agreement. We find that lay testimony was considered along with expert testimony by the commissioner. Substantial evidence is present in the record to support the commissioner's decision. We will broadly and liberally apply the findings of the commissioner in order to uphold, rather than defeat, his decision. *Lauhoff Grain Co. v. McIntosh,* 395 N.W.2d 834, 841 (Iowa 1986).

## IV. District Court's Review

 In determining whether the district court erred in exercising its power of judicial review, we apply the standards of Iowa Code section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court. *E.N.T. Assocs. v. Collentine,* 525 N.W.2d 827, 829 (Iowa 1994).

The decision by the district court considers the matter of substantial evidence in detail. It cites five reasons why there has been a failure of proof by Williamson to support an award of additional permanent partial disability benefits. They are:

(1) no change in earning capacity;

(2) no increase in disability rating or physical restrictions;

(3) changes in physical condition are minor and were contemplated at the time of settlement;

(4) expert testimony and lay evidence showed significant physical problems before the settlement in 1991 not unlike claimant's current problems;

(5) claimant's current problems were not causally linked to the original injury.

We have commented at length on the need for specific findings of fact and clearly stated conclusions of law by the commissioner and on review by the district court. *See Ward v. Iowa Dep't of Transp.,* 304 N.W.2d 236, 238–39 (Iowa 1981); *see also Catalfo v. Firestone Tire & Rubber Co.,* 213 N.W.2d 506, 509–10 (Iowa 1973). We have also recognized that courts under the press of heavy court dockets do seek the assistance of counsel in preparing proposed findings, conclusions, and the decree. In *Kroblin v. RDR Motels, Inc.,* 347 N.W.2d 430 (Iowa 1984), we said:

> We believe the better practice is spelled out in *Bradley v. Maryland Casualty Co.:*
>
> > We venture to suggest that if, because of prevailing custom, or pressure of work, or a case's technical nature, or for other reasons, counsel must be asked to assist in the preparation of findings and conclusions, it is better practice to make this request at or soon after the submission of the case and prior to decision and to make it of both sides. 5 Moore's Federal Practice (2d ed. 1966), par. 52.06[3], p. 2665. Then the court may pick and choose and temper and select those portions which better fit its own concept of the case.

*Kroblin,* 347 N.W.2d at 435 (quoting *Bradley v. Maryland Cas. Co.,* 382 F.2d 415, 423–24 (8th Cir.1967)).

We note that we have also rejected the argument that the commissioner should be required to detail the reasons for rejecting each of the various facts and evidence advanced by a claimant in favor of advanced disability percentages. In *Robbennolt v. Snap–On Tools Corp.,* 555 N.W.2d 229 (Iowa 1996), we said:

> There is no requirement in the statutes or our case law commanding the commissioner to validate the agency's decisions with precise detail and specificity. If this was required, the agency's efficiency and capacity to expedite decisions for the benefit of the injured worker would collapse under the dead weight

of detail. Robbennolt's argument ignores our well-recognized rule that the agency's decision is final if supported by substantial evidence and if correct in its conclusions of law. It is also contra to the purpose of our review as set out by the legislature in section 17A.19(8). We affirm the district court decision on this issue.

*Robbennolt,* 555 N.W.2d at 234 (citation omitted).

We have also been asked to consider and rejected the call to denigrate a trial court's decision drafted by counsel. In *Care Initiatives v. Board of Review,* 500 N.W.2d 14 (Iowa 1993), we commented as follows:

> Care asks that we give little weight, if any, to the findings and conclusions of the trial court because the court adopted verbatim the twenty-one page proposed findings of fact, conclusions of law, and judgment submitted by the board of review. We have criticized the trial court's ex parte request of counsel to submit proposed findings. Here, however, the court requested both parties to submit proposed findings, conclusions and judgment following trial. Although we have not encouraged courts to adopt findings and conclusions prepared by counsel, we do not apply a separate standard of review when the court does so.

*Care Initiatives,* 500 N.W.2d at 16 (citations omitted).

We reiterate the cited cautions in our cases and again note the problems inherent in this practice. In the case on review our directions could have been better implemented. Notwithstanding this, we do not find reversible error in the assignment now raised on appeal by Williamson.

Our conclusions of law on review are the same as those of the district court. The decision is affirmed.

**AFFIRMED.**