**IN THE COURT OF APPEALS OF IOWA**

No. 14-0038
Filed November 13, 2014

**ANDERSON NEWS and AMERICAN HOME ASSURANCE,**
Plaintiff-Appellants,

**vs.**

**JULIE REINS,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

The appellants appeal from a district court ruling on a petition for judicial review of a workers' compensation commissioner's ruling affirming the commissioner's ruling in part and remanding it to the commissioner for further consideration in part. **AFFIRMED.**

Stephen W. Spencer and Christopher S. Spencer of Peddicord, Wharton, Spencer, Hook, Barron & Wegman, L.L.P., West Des Moines, for appellants.

Ryan T. Beattie of Beattie Law Firm, P.C., Des Moines, for appellee.

Considered by Potterfield, P.J., Mullins, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

The appellants, Anderson News and American Home Insurance (hereinafter referred to as the employer), have appealed from a district court ruling on a petition for judicial review of a workers' compensation commissioner's ruling affirming the commissioner's ruling in part and remanding it to the commissioner for further consideration.

## I. Procedural Background

The respondent/appellee, Julie Reins (hereinafter referred to as the claimant) was injured at work on July 15, 2005. She entered into an agreement for settlement with the employer on June 15, 2009. The settlement provided the claimant a healing benefit and permanent partial disability benefits for a twelve percent loss in her earning capacity.

On October 1, 2010, the claimant filed a petition for review-reopening, and a hearing was held November 16, 2011. At the hearing, the deputy commissioner found the claimant had established a material change in conditions since the settlement was finalized. An additional permanent partial impairment was found, and additional benefits were awarded accordingly. The employer was also ordered to pay past medical charges as submitted and future medical expenses, including a high-yield MRI if ordered by Dr. Quenzer or another authorized treating physician. An appeal and cross-appeal were filed and the commissioner affirmed the deputy's ruling.

The employer filed a petition for judicial review with the district court. The district court affirmed the ruling allowing the review-reopening, denied the additional disability award on the existing record because of a lack of a showing

of a loss in earning capacity, and remanded it to the commissioner for a determination of the claimant's loss in earning capacity. The district court also affirmed the award of an additional MRI if ordered by an authorized physician and future medical benefits to the claimant. The employer has appealed.

## II. Factual Background

The claimant was employed in the reorder department of Anderson News at the time of the injury. A box that she was retrieving from a shelf was initially caught, but came loose, hitting her in the shoulder. The injury resulted in surgery to her shoulder performed by Dr. Quenzer on December 12, 2005. Dr. Quenzer found maximum medical improvement (MMI) from the shoulder injury and operation was reached on June 13, 2006.

The claimant obtained an independent medical examination from Dr. Kirkland. Dr. Kirkland performed a second surgery in April 2008, and determined the claimant had reached MMI on August 18, 2008, but suffered a ten percent whole person impairment. Dr. Kirkland prescribed exercises, and the claimant continued to complain of pain in her right shoulder.

The claimant retained employment with the employer, but because of her concern that she could no longer lift, she was given a new position that consisted primarily of data entry. She continued to work full-time and was earning $10.75 per hour when the company closed in February 2009. She was unemployed until October 10, 2010, when she became re-employed by Data Vision, at a primarily data-entry job paying $10.50 per hour.

The June 15, 2009 settlement was based on Dr. Kirkland's report, and it was stipulated that there were jobs at Anderson she would have difficulty

performing. It was further stipulated that she had significant subjective complaints and the possibility of further medical treatment existed. The claimant was unemployed at the time of the settlement. The commissioner approved the settlement agreement.

The claimant visited Dr. Kirkland on July 15, 2009, and complained of continuing pain. The doctor told her that continuing with exercise was the only way to eliminate the pain. Dr. Kirkland testified there was no change relative to impairment of the claimant's right shoulder since his report of August 18, 2008, on which the settlement was based. He further testified there was no reason to change the claimant's impairment rating or her work restrictions. He stated that to an extent the claimant had lost any range of motion, it could be corrected by exercise. Dr. Quenzer had also examined the claimant after the settlement and, apparently because of a loss of motion, stated that the claimant exhibited a four percent increase of impairment to her upper extremity.

Dr. Basil examined the claimant in 2011. He had not examined her prior to the 2009 agreement. Dr. Basil found a fourteen percent whole body impairment and believed that there was some loss in the claimant's range of motion. Since Dr. Kirkland's 2008 rating, both Dr. Quenzer and Dr. Basil thought temporary work restrictions were appropriate. On June 10, 2010, Dr. Quenzer ordered physical therapy, and the claimant presented herself twenty-four times and was reported as giving good effort. On February 17, 2011, Dr. Quenzer recommended a high-yield MRI of the claimant's shoulder for the purpose of determining whether a surgical option would be appropriate. In May 2011, he withdrew the recommendation, but on October 4, 2011, he reinstated it.

The employer has appealed, asserting as follows: (1) the finding that the claimant had a substantial and material change in circumstances since the agreement for settlement, thereby justifying a review-reopening, is not supported by substantial evidence and was based on an improper legal standard; (2) even if substantial and material changes have been established, additional industrial loss has not been established; (3) the order to provide treatment in the form of a high-yield MRI was contrary to the law and evidence; and (4) the order awarding medical benefits is not supported by fact or law.

## III. Scope of Review

The scope of review of an administrative agency is controlled by Iowa Code section 17A.19 (2013). The commissioner's legal findings are reviewed for errors of law. Iowa Code § 17A.19(10)(b), (c). In acting on a review of an agency's action the court functions solely in an appellate capacity to correct errors of law. *IBP Inc. v. Harpole*, 621 N.W.2d 410, 414 (Iowa 2001). The findings of fact made by the commissioner are binding so long as they are supported by substantial evidence. *Excel Corp. v. Smithart*, 654 N.W.2d 891, 896 (Iowa 2002). The court will reverse the application of law to fact if it is irrational, illogical, or wholly unjustifiable. *Lakeside Casino v. Blue*, 743 N.W.2d 169, 173 (Iowa 2007).

## IV. Preservation of Error

It is generally considered that the issue must be raised and ruled on by the trial court for it to have been preserved for appeal. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). All four issues were raised and ruled on by the trial court, and therefore, error has been preserved. Other medical benefits were

included in the petition for judicial review and future medical benefits were ruled on by the district court, therefore, error has been preserved. The commissioner awarded past medical benefits as submitted, but none in fact were submitted, and the issue related to past medical benefits is moot.

## V. Discussion

**A.** This is a review-reopening case. "In a proceeding to reopen an award for payments or agreement for settlements . . ., inquiry shall be into whether or not the condition of the employee warrants an end to, diminishment of, or increase of compensation so awarded or agreed upon." Iowa Code § 86.14(2). To prevail the claimant must prove by a preponderance of the evidence that his or her current condition is proximately caused by the original injury. *Simonson v. Snap-On Tools Corp.*, 588 N.W.2d 430, 434 (Iowa 1999). The amount of the claimant's loss is determined by the condition as it exists at the time without speculation about some future condition. *Kohlhaas v. Hog Slat, Inc.*, 777 N.W.2d 387, 392 (Iowa 2009). Once there has been an agreement, absent an appeal and remand, the commission has no authority to review an award based on the same or substantially same set of facts as previously considered. *Gosek v. Garmen & Stiles Co.*, 158 N.W.2d 731, 732 (Iowa 1968).

The dispute in this matter is as to the legal standard of the required change and whether claimant has met that standard. Worsening of the claimant's physical condition is a way to satisfy the reopening requirement, but the principles of res judicata still apply. *Kohlhaas*, 777 N.W.2d at 392-93. The employer contends that there must be a "substantial" worsening of the claimant's condition to permit a review reopening. It relies on *Kohlhaas* for its position.

*Kohlhaas* was concerned with whether the worsening condition must be a condition not anticipated at the time of the original award. *Id.* at 391-92. *Kohlhaas* eliminated the "not anticipated" requirement and sent the matter back to the commissioner to consider whether there had been a worsening of the claimant's condition. *Id. Kohlhaas* did not state that a "substantial worsening" of the claimant's condition was required, but only a "worsening." *Id.* at 392.

The commissioner did not apply an incorrect standard in determining whether a review-reopening hearing could be held. The commissioner found a worsening condition of the claimant's physical condition. The commissioner's finding must be affirmed if supported by substantial evidence. *Excel Corp.*, 654 N.W.2d at 896. "Substantial evidence means the quantity or quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable, person to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). The commissioner's finding that the claimant is suffering from a worsening condition is supported both by her testimony and by medical testimony. Substantial evidence supports the commissioner's determination. A review-reopening was appropriate.

**B.** The commissioner increased the claimant's permanent partial impairment to fifteen percent. The employer contends that the claimant did not prove a lessening of her earning capacity. In a review-reopening procedure the claimant has the burden to prove whether she has suffered an impairment of earning capacity proximately caused by the original injury. *See E.N.T. Assocs. v. Collentine*, 525 N.W.2d 827, 829 (Iowa 1994).

The trial court found that the commissioner failed to explicitly consider whether the claimant had suffered a loss of earning capacity that would warrant an increase in the benefits, and remanded the matter to the commissioner for such a determination. *See* Iowa Code § 17A.19(10) (providing one of the resolutions available to the district court on judicial review is to remand to the agency for further proceedings). The deputy commissioner's ruling, approved by the commissioner, contained the following comments:

> Claimant has not shown any permanent work restriction since the prior settlement. In addition, she has not shown an adverse change in her economic condition . . . . She had been relegated to doing data entry work instead of heavier book inventory work, but that occurred prior to the agreement for settlement. Today, she works full-time for Data Vision, so she has not suffered any loss of earning since the prior settlement.
> However, although claimant has not suffered an economic change of condition, she has suffered some change in physical condition . . . .
> . . . Her economic condition has actually improved considerably.

Industrial disability measures an injured worker's lost earning capacity. *Myers v. F.C.A. Servs.*, Inc., 592 N.W.2d 354, 356 (Iowa 1999). The commissioner's language cited above made it difficult to imply or reach a finding of lost earning capacity. The trial court's remand to the commissioner to determine whether lost earning capacity existed was appropriate. The claimant's "economic condition" and "earning capacity" are not necessarily synonymous. The commissioner made no finding as to the claimant's lost earning capacity to support an increase of her permanent partial impairment.

**C.** The settlement agreement provided for future medical care that resulted from the injury. The commissioner then held that the employer should

pay for the future medical expenses necessitated by the work injury referring directly to the high-yield MRI if Dr. Quenzer or another authorized physician recommended it to be done. Both the commissioner and the trial court considered the requested high-yield MRI as alternative care and not contingent on the review-reopening procedure.

If an employer and employee cannot agree on the alternate care to be provided, the matter can be submitted to the commissioner, and the agency may grant on proof of its necessity. *See* Iowa Code § 85.27(4). The commissioner found that the claimant's continued shoulder pain and loss of motion was related to the shoulder injury and that, if ordered by an authorized physician, the high-yield MRI would be considered a necessity. Dr. Quinzer in his deposition affirmed that he felt a high-yield MRI was an appropriate treatment. The commissioner's finding on the high-yield MRI as a future medical procedure is supported by substantial evidence.

The decision of the trial court is in all aspects affirmed.

**AFFIRMED.**