# IN THE COURT OF APPEALS OF IOWA

No. 16-0653
Filed November 23, 2016

**ABF FREIGHT SYSTEM, INC. and
ACE AMERICAN INSURANCE CO.,**
        Petitioners-Appellants,

**vs.**

**MARVIN VEENENDAAL,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, David M. Porter,

Judge.


        ABF Freight System Inc. and its insurer appeal the district court's

affirmance of the commissioner's order requiring ABF to authorize surgery for its

employee. **AFFIRMED.**



        Stephen W. Spencer and Joseph M. Barron of Peddicord, Wharton,

Spencer, Hook, Barron & Wegman, LLP, West Des Moines, for appellants.

        Matthew J. Petrzelka of Petrzelka & Breitbach, P.L.C., Cedar Rapids, for

appellee.



        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

ABF Freight System Inc. and its insurer appeal a final workers' compensation decision ordering them to authorize surgery for ABF's employee.

## I.    *Background Proceedings*

A deputy workers' compensation commissioner determined that ABF's employee, Martin Veenendaal, sustained a work-related injury in 2006. The deputy commissioner found in part:

> The claimant was scheduled to have surgery on September 11, 2008. However, the claimant was advised by the claims administrator at Gallagher Bassett that the surgery would not be covered under workers' compensation due to Dr. Abernathey's opinion that the L4-L5 herniated was not related to the work injury. Consequently, the claimant has never had surgery.

The deputy awarded permanent partial disability benefits. The arbitration decision was affirmed on intra-agency appeal and on judicial review. *See ABF Freight Sys., Inc. v. Veenendaal*, No. 11-1862, 2012 WL 1860733, at *5 (Iowa Ct. App. May 23, 2012).

Veenendaal subsequently petitioned for review-reopening. His petition sought various forms of relief, including medical benefits under Iowa Code section 85.27 (2011). At a hearing on the petition, Veenendaal testified, "[W]e always was waiting on medical care, and it never did come." He continued, "We had it all set up to have surgery, and we were just waiting to be cleared by [the benefits administrator] and never heard another word." He stated he wished to proceed with surgery but "[n]obody did anything."

A deputy commissioner issued a decision finding "a substantial change in condition that is causally related to the October 26, 2006 work injury," which in

the deputy's view, entitled Veenendaal to "an additional 5 percent industrial disability 50 weeks of benefits." The deputy next proceeded to Veenendaal's request for "medical care in the form of surgery." The deputy found that the "need for [surgery was] related to his work injury of October 26, 2006," and ordered the employer and its insurer to authorize surgery "promptly."

The commissioner sitting by designation reversed the portion of the deputy's decision finding an increased loss of earning capacity but affirmed the order for surgery. The commissioner noted that Veenendaal's "lower back condition and ongoing complaints" were "already found" to be "related to his work injury." The commissioner ordered the defendants to "promptly authorize a qualified surgeon to provide surgical care for claimant['s] lower back."

ABF sought judicial review of the final agency decision. *See* Iowa Code § 17A.19. The district court affirmed the surgery order. This appeal followed.

## II.    *Analysis*

ABF argues "the sole issue is whether [Veenendaal] met his burden of proof that his current condition and requested medical care are causally related to the 10/23/06 injury."[1] ABF invokes the law governing review reopening proceedings under Iowa Code section 86.14(2). That provision states, "In a proceeding to reopen an award for payments or agreement for settlement as provided by section 86.13, inquiry shall be into whether or not the condition of the employee warrants an end to, diminishment of, or increase of compensation so awarded or agreed upon." Iowa Code § 86.14(2).

---

[1] Although ABF initially argued the agency "failed to apply the proper burden of proof," the company later conceded the only question is whether Veenendaal "met this burden of proof."

The provision "establishes a procedure for determining whether a change in the employee's employment condition warrants an increase in compensation benefits previously awarded." *Simonson v. Snap-On Tools Corp.*, 588 N.W.2d 430, 434 (Iowa 1999). The claimant must "prove that subsequent to the date of the settlement award he suffered an impairment or lessening of earning capacity or an increase in industrial disability proximately caused by the injury." *Williamson v. Wellman Fansteel*, 595 N.W.2d 803, 805 (Iowa 1999). As noted, the commissioner determined Veenendaal failed to satisfy this review-reopening burden and denied his request for increased workers' compensation benefits. Neither side appealed this determination. Accordingly, the question of whether Veenendaal was entitled to increased weekly compensation based on additional lost earning capacity is not before us. *See Kohlhaas v. Hog Slat, Inc.*, 777 N.W.2d 387, 393 (Iowa 2009) ("[W]e emphasize the principles of res judicata still apply—that the agency, in a review-reopening petition, should not reevaluate an employee's level of physical impairment or earning capacity if all of the facts and circumstances were known or knowable at the time of the original action.").

The crux of this appeal is the commissioner's order requiring ABF to authorize back surgery. The operative statutory provision is not Iowa Code section 86.14 but section 85.27. That provision states, "The employer, for all injuries compensable under this chapter or chapter 85A, shall furnish reasonable surgical, medical, dental, osteopathic, chiropractic, podiatric, physical rehabilitation, nursing, ambulance and hospital services and supplies therefor." Iowa Code § 85.27(1). This provision addresses "compensable" injuries. The compensability of Veenendaal's back injury was determined in the original

proceeding. "[I]n those cases where compensability of the injury is not at issue and the employer furnishes medical care to the employee, the commissioner is authorized to order the employer to provide alternate care if the employee establishes the alternate medical claim upon reasonable proof of necessity for the care." *R.R. Donnelly & Sons v. Barnett*, 670 N.W.2d 190, 197 (Iowa 2003). In other words, as the commissioner stated, the only question before him was whether the requested services were "reasonable."[2] *See Bell Bros. Heating & Air Conditioning v. Gwinn*, 779 N.W.2d 193, 208 (Iowa 2010) ("[T]he dispute in this case involved a difference of opinion over the diagnosis and treatment of [the claimant's] medical condition. The dispute did not involve [the employer's] liability for the injury."). "The issue of whether the unauthorized care was reasonable and beneficial presents fact questions." *Id.* Our review of the agency's resolution of the fact questions is for substantial evidence. *See* Iowa Code § 17A.19(10)(f).

The commissioner made the following findings and determination on Veenendaal's surgery request:

> Claimant requested surgical intervention in 2006. He was dissuaded from having surgery by [the third party administrator]. Dr. Brady opined in 2008 claimant would be a good candidate for lower back surgery. Dr. Abernathey's opinions, detailed in Exhibit B, page 1, have been found by prior decisions to be unconvincing and untrue. Dr. Abernathey's opinions (Exhibit B, page 3) are also found not to be convincing. Claimant has requested medical

---

[2] This is not a situation where the employer "claims the alternate care is unreasonable . . . because it is sought for a medical condition that is not compensable." *R.R. Donnelly*, 670 N.W.2d at 197 n.2. The medical condition involved in this proceeding was identical to the medical condition involved in the original proceeding and Veenendaal sought the same medical care discussed in that proceeding. But even if we were to read ABF's brief as suggesting this was a separate, un-compensable medical condition, substantial evidence supports the deputy's finding, affirmed on intra-agency appeal, that the condition was related to the 2006 injury.

authorization for surgery since approximately late 2012. The record indicates defendants ignored claimant's request for care from approximately September of 2012 through February of 2013. The record suggests those requests again for care were ignored between late February of 2013 to August 2013. Given this record, claimant has carried his burden of proof that defendants' care is unreasonable. Claimant is entitled to the requested alternate medical care consisting of surgery with a qualified back surgeon.

These findings and determination are supported by substantial evidence. Accordingly, we affirm the district court's affirmance of the commissioner's final decision on Veenendaal's request for alternate medical care.

**AFFIRMED.**