**IN THE COURT OF APPEALS OF IOWA**

No. 16-0505
Filed January 11, 2017

**ALFREDO AYALA,**
        Petitioner-Appellant,

**vs.**

**TYSON FOODS INC.,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        Claimant appeals the denial of his petition for review-reopening.
**AFFIRMED.**



        Andrew W. Bribriesco and William J. Bribriesco of Bribriesco Law Firm, Bettendorf, for appellant.

        Jean Z. Dickson of Betty, Neuman & McMahon, P.L.C., Davenport, for appellee.



        Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Alfred Ayala challenges the Iowa Workers' Compensation Commissioner's decision denying Ayala's review-reopening petition to increase his permanent disability benefits. Ayala contends the commissioner's decision was irrational, illogical, and wholly unjustifiable. Ayala also contends the decision is not supported by substantial evidence.

Judicial review of final agency action is limited. *See* Iowa Code § 17A.19(10). "The administrative process presupposes judgment calls are to be left to the agency. Nearly all disputes are won or lost there." *Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995) (citation omitted). Rarely will the judiciary reverse final agency action on the ground the decision is irrational or not supported by substantial evidence. *See McComas-Lacina Constr. v. Drake*, No. 15-0922, 2016 WL 2744948, at *1 (Iowa Ct. App. May 11, 2016) ("A case reversing final agency action on the ground the agency's action is unsupported by substantial evidence or is irrational, illogical, or wholly unjustifiable is the Bigfoot of the legal community—an urban legend, rumored to exist but never confirmed.").

At all times material hereto, Ayala was employed by Tyson Foods, Inc. Ayala suffered a compensable back injury in 2006. His doctor assigned him a rating of thirteen percent partial impairment to the body as a whole and imposed work restrictions, including not lifting over twenty pounds and avoiding repetitive bending, twisting, and stooping. In 2009, the agency found Ayala suffered a forty-five percent industrial disability and awarded him commensurate permanent disability benefits. Neither Ayala nor Tyson appealed the prior agency decision.

In February 2013, Ayala filed a petition for review-reopening, claiming his industrial disability had increased and he was entitled to additional industrial disability benefits.

> The workers' compensation statutory scheme contemplates that future developments (post-award and post-settlement developments), including the worsening of a physical condition or a reduction in earning capacity, should be addressed in review-reopening proceedings. The review-reopening claimant need not prove, as an element of his claim, that the current extent of disability was not contemplated by the commissioner (in the arbitration award) or the parties (in their agreement for settlement).

*Kohlhaas v. Hog Slat, Inc.*, 777 N.W.2d 387, 392 (Iowa 2009) (citation omitted). Instead, the claimant must prove by a preponderance of the evidence an entitlement to increased compensation. *See* Iowa Code § 86.14(2) ("In a proceeding to reopen an award for payments or agreement for settlement as provided by section 86.13, inquiry shall be into whether or not the condition of the employee warrants an end to, diminishment of, or increase of compensation so awarded or agreed upon."); *E.N.T. Assocs. v. Collentine*, 525 N.W.2d 827, 829 (Iowa 1994) ("The claimant carries the burden of establishing by a preponderance of the evidence that, subsequent to the date of the award under review, he or she has suffered an impairment or lessening of earning capacity proximately caused by the original injury."). In the context of an industrial disability determination, this requires the claimant establish a "reduction in the employee's earning capacity." Iowa Code § 85.34(2)(u). "Factors that should be considered [in assessing industrial disability] include the employee's functional disability, age, education, qualifications, experience, and the ability of the

employee to engage in employment for which the employee is fitted." *Quaker Oats Co. v. Ciha*, 552 N.W.2d 143, 157 (Iowa 1996).

The commissioner found Ayala had not proved any increase in his industrial disability and denied the petition. The record reflects Ayala underwent fusion surgery in May 2012. He returned to work in October 2012. In 2013, his doctor, Dr. Sergio Mendoza, found Ayala had sustained eighteen percent partial impairment to the body as a whole and imposed a restriction of not lifting more than fifty pounds. Ayala chose to do a reevaluation in May 2014. His doctor, Dr. Robert Milas, increased Ayala's impairment rating to twenty-three percent. He also recommended restricting lifting to twenty pounds. Ayala complained of new symptoms associated with his injury, including numbness in his feet and difficulty sleeping. The commissioner acknowledged the medical evidence but also found there had been no change in Ayala's earning capacity. Ayala was able to manage his pain with over-the-counter medication. His work restrictions remained largely unchanged or lessened. Ayala remained employed by Tyson in a position within his work restrictions. He earned $14.00 per hour—more than at the time of the initial decision. He worked approximately forty to fifty hours per week. He had not suffered any absenteeism due to his impairment.

Ayala contends the commissioner's decision was irrational, illogical, and wholly unjustifiable. Ayala argues the commissioner improperly considered the work accommodations provided Ayala and Ayala's actual earnings. Where, as here, the application of law to fact "has clearly been vested by a provision of law in the discretion of the agency," the court will disturb the commissioner's decision only where it is "irrational, illogical, or wholly unjustifiable." Iowa Code §

17A.19(10)(m); *see Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 856–57 (Iowa 2009) (finding because the claimant's "challenge to the agency's industrial disability determination is a challenge to the agency's application of law to the facts, we review this issue under the 'irrational, illogical, or wholly unjustifiable' standard." (citation omitted)). "A decision is 'irrational' when it is 'not governed by or according to reason.' A decision is 'illogical' when it is 'contrary to or devoid of logic.' A decision is 'unjustifiable' when it has no foundation in fact or reason." *Sherwin-Williams Co. v. Iowa Dep't of Revenue*, 789 N.W.2d 417, 432 (Iowa 2010) (citations omitted).

We cannot conclude the commissioner's decision was irrational, illogical, or wholly unjustifiable. The commissioner considered Ayala's functional impairment. However, functional impairment is a single, but not controlling, factor in determining the extent of an industrial disability. *See Hill v. Fleetguard, Inc.*, 705 N.W.2d 665, 673 (Iowa 2005). The commissioner properly considered other factors, including Ayala's current employment and work conditions, to the extent those factors were probative of Ayala's earning capacity at the time of the hearing. This was a permissible consideration. *See Warren Props. v. Stewart*, 864 N.W.2d 307, 317 (Iowa 2015) (stating actual earnings can create a presumption of earning capacity that can be overcome with other evidence showing the claimant's "actual earnings do not fairly reflect claimant's capacity." (citation omitted)); *Murillo v. Blackhawk Foundry*, 571 N.W.2d 16, 18 (Iowa 1997) ("We think the proper rule should be that an employer's special accommodation for an injured worker can be factored into the award determination to the limited extent the work in the newly created job discloses that the worker has a

discerned earning capacity. To qualify as discernible, it must appear that the new job is not just 'make work' provided by the employer, but is also available to the injured worker in the competitive market."); *Wright v. Midamerican Energy Co.*, No. 03-0496, 2004 WL 360475, at *2 (Iowa Ct. App. Feb. 27, 2004) (stating actual earnings are probative of earning capacity).

Ayala also argues the commissioner's decision was not supported by substantial evidence. In support of this argument, Ayala references medical evidence establishing his physical condition may be worsening. "'Substantial evidence' means the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). "Evidence is not insubstantial merely because different conclusions may be drawn from the same evidence." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011); *see McComas-Lacina Constr.*, 2016 WL 2744948, at *1.

We conclude the agency's findings are supported by substantial evidence. "[T]he question on appeal is not whether the evidence supports a different finding than the finding made by the commissioner, but whether the evidence 'supports the findings actually made.'" *Meyer v. IBP, Inc.*, 710 N.W.2d 213, 218 (Iowa 2006) (citation omitted). The commissioner's findings are applied broadly "to uphold his decision." *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 282 (Iowa 1983). While there may be some medical evidence supporting the finding that Ayala's physical condition has worsened since the time of the original industrial

disability award, the medical evidence is only a single factor in determining industrial disability. Other evidence supported the agency's finding that Ayala's earning capacity remained unchanged. As the district court explained:

> While Ayala underwent surgery following the original arbitration decision, there is substantial evidence to indicate that it did not further hinder his earning capacity. He has been fully able to perform in the same capacity as he did at the time of the Arbitration Decision. He does not require any further accommodations than what he did at the time of the Arbitration Decision. His work restrictions, if changed, have improved. He is content in his job. He does not take prescription medicine for pain. A reasonable mind would deem this evidence adequate to support the conclusion that Ayala's present condition is no worse than it was in September of 2009.

We agree with the district court's conclusion.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**