# IN THE SUPREME COURT OF IOWA

No. 08–0589

Filed June 12, 2009

**HOWARD JOHN KOHLHAAS,**

    Appellant,

vs.

**HOG SLAT, INC.,** and **ROYAL & SUNALLIANCE INSURANCE COMPANIES,**

    Appellees.

---

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

Appellant challenges district court's denial of his review-reopening petition and request for reimbursement for a medical evaluation. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark S. Soldat of Soldat & Parrish-Sams, P.L.C., West Des Moines, for appellant.

Meredith J. Kuehler of Engles, Ketcham, Olson & Keith, P.C., Omaha, for appellees.

**STREIT, Justice.**

While working for Hog Slat, Inc., Howard Kohlhaas' right foot was crushed by a large concrete block. Kohlhaas and Hog Slat entered into a settlement agreement, establishing a 50% permanent partial disability to Kohlhaas' right leg. Both before the settlement and after the settlement, Kohlhaas complained of knee, hip, and back pain in addition to his foot problems. A few years later, Kohlhaas filed a review-reopening petition, requesting an increase in compensation as well as reimbursement for a medical evaluation pursuant to Iowa Code section 85.39 (2003). The commissioner denied both requests. Kohlhaas appealed, and the decision was affirmed. He then filed a petition for judicial review, and the district court affirmed the commissioner's decision. Because the claimant need not prove that the current extent of disability was not contemplated by the commissioner (in the arbitration award) or the parties (in their agreement for settlement), we reverse. However, we affirm the commissioner's denial of Kohlhaas' request for reimbursement of his expenses for a section 85.39 medical evaluation because the employer did not obtain a new evaluation of Kohlhaas' permanent disability in the review-reopening proceeding.

### I. Facts and Prior Proceedings.

On October 21, 1999, a 400-pound concrete block fell on Howard Kohlhaas' right foot while working at Hog Slat. His foot was fractured in several places, and the skin was crushed and torn apart. On July 15, 2002, Kohlhaas and Hog Slat, along with its insurance companies Royal and SunAlliance Insurance Cos., filed an agreement for settlement pursuant to Iowa Code chapter 86 (2002), which was approved by the Iowa workers' compensation commissioner. The settlement established that the injury proximately caused a 50% permanent partial disability to

Kohlhaas' right leg. The settlement documents also contained the opinion of Dr. Crane that Kohlhaas' knee, hip, and back pain was not related to the work injury.

Kohlhaas continued to suffer from foot, knee, hip, and back pain in varying degrees. On July 14, 2005, Kohlhaas filed a review-reopening petition, requesting an increase in compensation, seeking compensation for a 95% industrial disability, as well as reimbursement for an independent medical evaluation by Dr. Kuhnlein. Kohlhaas presented evidence from his chiropractor, Dr. Mueller, who asserted Kohlhaas' knee, hip, and back problems were a direct result of his injury. Dr. Kuhnlein, who performed a medical evaluation, opined Kohlhaas had a 34% impairment of his right leg, and his knee and hip pain was related to the change in his gait after the injury. The review-reopening decision issued by the deputy commissioner on August 31, 2006 determined that an increase in compensation was not warranted because "the claimant has not proved by a preponderance of the evidence that there has been a change in the condition of the claimant that was not anticipated at the time of the original settlement." The deputy commissioner also denied Kohlhaas reimbursement for Dr. Kuhnlein's medical evaluation. Kohlhaas appealed, and the decision was affirmed by the commissioner.

Kohlhaas then filed a petition for judicial review. The district court affirmed the commissioner's decision, stating "[i]t is clear that most of the complaints that the petitioner claims supports an increase in his disability were reported and known at the time of the settlement." Further, the district court determined

> [t]he connection between the 1999 injury and the petitioner's complaints of back, hip, and knee pain (while supported by Drs. Mueller and Kuhnlein) were discounted by Dr. Crane at the time of the original settlement. The agency was well

within its rights to side with Dr. Crane's evaluation of this issue.

Kohlhaas appealed.

## II.  Scope of Review.

Our scope of review is for the correction of errors at law.  *E.N.T. Assocs. v. Collentine*, 525 N.W.2d 827, 829 (Iowa 1994).  "We review the district court decision by applying the standards of the [Iowa] Administrative Procedure Act to the agency action to determine if our conclusions are the same reached by the district court." *Locate.Plus.Com, Inc. v. Iowa Dep't of Transp.*, 650 N.W.2d 609, 612 (Iowa 2002).  Under Iowa Code section 17A.19(10) (2007), "a reviewing court may reverse the decision of the workers' compensation commissioner if it is unsupported by substantial evidence in the record or characterized by an abuse of discretion."  *Univ. of Iowa Hosps. & Clinics v. Waters*, 674 N.W.2d 92, 95 (Iowa 2004).

> "Substantial evidence" means the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance.

Iowa Code § 17A.19(10)(*f*)(1).  An abuse of discretion occurs when the commissioner's exercise of discretion is "clearly erroneous or rests on untenable grounds."  *Waters*, 674 N.W.2d at 96.

## III.  Merits.

**A.   Review-reopening Decision.**   Under Iowa Code section 86.14(2), the workers' compensation commissioner is authorized to "reopen an award for payments or agreement for settlement . . . [to inquire] into whether or not the condition of the employee warrants an end to, diminishment of, or increase of compensation so awarded or agreed upon."  When an employee seeks an increase in compensation,

the employee bears the burden of establishing by a preponderance of the evidence that his or her current condition was "proximately caused by the original injury." *Simonson v. Snap-On Tools Corp.*, 588 N.W.2d 430, 434 (Iowa 1999) (quoting *Collentine*, 525 N.W.2d at 829). The commissioner must then evaluate "the condition of the employee, which is found to exist subsequent to the date of the award being reviewed." *Stice v. Consol. Ind. Coal Co.*, 228 Iowa 1031, 1038, 291 N.W. 452, 456 (1940). The commissioner is not supposed to "re-determine the condition of the employee which was adjudicated by the former award." *Id.*

In our case, the commissioner and the district court relied on the holding in *Acuity Insurance v. Foreman*, 684 N.W.2d 212 (Iowa 2004), which states that the commissioner must determine

> (1) whether there has been a change in the worker's condition as a result of the original injury, and (2) whether this change was contemplated by the parties at the time of any settlement . . . or whether it was beyond what the commissioner contemplated at the time of the original assessment of industrial disability.

*Acuity*, 684 N.W.2d at 217. The test set forth in *Acuity* thus requires the employee to demonstrate his condition has changed and that change was not taken into account in the original settlement.[1]

Kohlhaas asserts the district court erred by declaring as a matter of law that review-reopening relief cannot be granted unless the employee has demonstrated a change in his condition *not anticipated* at the time of the original settlement. He contends the rule from *Acuity* that the change in condition "must not have been within the contemplation of the decision maker at the time of the original award" is obiter dictum and,

---

[1]The language in *Acuity* is akin to the language in divorce modification cases. *See In re Marriage of Pals*, 714 N.W.2d 644, 646 (Iowa 2006) ("Dissolution decrees may be modified upon a substantial change in circumstances . . . 'not within the knowledge or contemplation of the court when the decree was entered.' " (quoting *In re Marriage of Rolek*, 555 N.W.2d 675, 679 (Iowa 1996))).

therefore, not binding precedent. *Id.* We agree. The language in *Acuity* is ambiguous and seems to condone an agency's consideration of, or speculation about, future changes in condition or earning capacity at the time of the initial award. What we attempted to say in *Acuity* is that a condition that has already been determined by an award or settlement should not be the subject of a review-reopening petition.

In determining a scheduled or unscheduled award, the commissioner finds the facts as they stand at the time of the hearing and should not speculate about the future course of the claimant's condition. The functional impairment and disability resulting from a scheduled loss is what it is at the time of the award and is not based on any anticipated deterioration of function that might or might not occur in the future. *See* Iowa Code § 85.34(2); *Second Injury Fund v. Bergeson*, 526 N.W.2d 543, 548 (Iowa 1995) ("a scheduled injury is evaluated by determining the loss of physiological capacity of the body part"). Likewise, in an unscheduled whole-body case, the claimant's loss of earning capacity is determined by the commissioner as of the time of the hearing based on the factors bearing on industrial disability then prevailing—not based on what the claimant's physical condition and economic realities might be at some future time. *See* Iowa Code § 85.34(3); *Quaker Oats Co. v. Ciha*, 552 N.W.2d 143, 157 (Iowa 1996) ("Factors that should be considered include the employee's functional disability, age, education, qualifications, experience, and the ability of the employee to engage in employment for which the employee is fitted."); *Second Injury Fund v. Nelson*, 544 N.W.2d 258, 266 (Iowa 1995) (stating "the concept of industrial disability rests on a comparison of what the injured worker could earn before the injury as compared to what the same person could earn after the injury"). The workers' compensation statutory scheme contemplates that future

developments (post-award and post-settlement developments), including the worsening of a physical condition or a reduction in earning capacity, should be addressed in review-reopening proceedings. *See* Iowa Code § 86.14(2). The review-reopening claimant need not prove, as an element of his claim, that the current extent of disability was not contemplated by the commissioner (in the arbitration award) or the parties (in their agreement for settlement).

A compensable review-reopening claim filed by an employee requires proof by a preponderance of the evidence that the claimant's current condition is "proximately caused by the original injury." *See Simonson*, 588 N.W.2d at 434 (original emphasis omitted) (quoting *Collentine*, 525 N.W.2d at 829). While worsening of the claimant's physical condition is one way to satisfy the review-reopening requirement, it is not the only way for a claimant to demonstrate his or her current condition warrants an increase of compensation under section 86.14(2). *See Blacksmith v. All-Am., Inc.*, 290 N.W.2d 348, 354 (Iowa 1980) (holding a compensable diminution of earning capacity in an industrial disability claim may occur without a deterioration of the claimant's physical capacity).

Therefore, we have held that awards may be adjusted by the commissioner pursuant to section 86.14(2) [then section 86.34] when a temporary disability later develops into a permanent disability, *see Rose v. John Deere Ottumwa Works*, 247 Iowa 900, 906, 76 N.W.2d 756, 759 (1956), or when critical facts existed but were unknown and could not have been discovered by the exercise of reasonable diligence at the time of the prior settlement or award, *see Gosek v. Garmer & Stiles Co.*, 158 N.W.2d 731, 735 (Iowa 1968). We have also previously approved a review-reopening where an injury to a scheduled member later caused an

industrial disability. *See Mortimer v. Fruehauf Corp.*, 502 N.W.2d 12, 13, 17 (Iowa 1993) ("[A] psychological condition caused or aggravated by a scheduled injury is to be compensated as an unscheduled injury.").

Although we do not require the claimant to demonstrate his current condition was not contemplated at the time of the original settlement, we emphasize the principles of res judicata still apply—that the agency, in a review-reopening petition, should not reevaluate an employee's level of physical impairment or earning capacity if all of the facts and circumstances were known or knowable at the time of the original action. As this court has explained,

> a contrary view would tend to defeat the intention of the legislature[:] . . . "The fundamental reason for the enactment of this legislation is to avoid litigation, lessen the expense incident thereto, minimize appeals, and afford an efficient and speedy tribunal to determine and award compensation under the terms of this act."

*Stice*, 228 Iowa at 1038, 291 N.W. at 456 (quoting *Flint v. City of Eldon*, 191 Iowa 845, 847, 183 N.W. 344, 345 (1921)). Therefore, "once there has been an agreement or adjudication the commissioner, absent appeal and remand of the case, has no authority on a later review to change the compensation granted on the same or substantially same facts as those previously considered." *Gosek*, 158 N.W.2d at 732. For example, a "mere difference of opinion of experts or competent observers as to the percentage of disability arising from the original injury would not be sufficient to justify a different determination by another commissioner on a petition for review-reopening." *Bousfield v. Sisters of Mercy*, 249 Iowa 64, 69, 86 N.W.2d 109, 113 (1957). Likewise, section 86.14(2) does not provide an opportunity to relitigate causation issues that were determined in the initial award or settlement agreement.

Although it could be argued there is substantial evidence in the record that Kohlhaas' current condition does not warrant an increase in compensation, it is fair to conclude the commissioner's determination may have been influenced by the language in *Acuity* we have just disavowed. In that we have clarified the requirements for a review-reopening petition, we reverse and remand the case to the commissioner to determine on the record already made whether Kohlhaas has met the burden of proof required for a review-reopening petition under the standard we have set forth today.

**B. Reimbursement for Medical Evaluation Pursuant to Iowa Code Section 85.39.** Kohlhaas contends that the commissioner incorrectly failed to reimburse him for the fees associated with Dr. Kuhnlein's medical evaluation. Under Iowa Code section 85.39,

> If an evaluation of permanent disability has been made by a physician retained by the employer and the employee believes this evaluation to be too low, the employee shall . . . be reimbursed by the employer the reasonable fee for a subsequent examination by a physician of the employee's own choice. . . .

Kohlhaas argues that Dr. Crane's evaluation performed as part of the 2002 settlement qualifies as "an evaluation of permanent disability . . . made by a physician retained by the employer." Iowa Code § 85.39.

The commissioner determined Kohlhaas could not be reimbursed for Dr. Kuhnlein's fees because "there was no prior rating by a doctor who was retained by defendants that claimant claimed was too low." Affirming the commissioner's decision, the district court determined "[t]he time for challenging the prior evaluations was in the context of the original proceedings that culminated in the agreement for settlement." We agree.

In interpreting the Workers' Compensation Act, we look to the language of the statute in order to determine the intent of the legislature. *United Fire & Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 677 N.W.2d 755, 759 (Iowa 2004). " 'We look to the object to be accomplished, the mischief to be remedied, or the purpose to be served, and place on the statute a reasonable or liberal construction which will best effect, rather than defeat, the legislature's purpose.' " *Id.* (quoting *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983)). The language of section 85.39 does not indicate that the "evaluation of permanent disability . . . made by a physician retained by the employer" from a previous proceeding can be the basis for permitting reimbursement for a "subsequent examination" in a subsequent proceeding. Iowa Code § 85.39.

A medical evaluation pursuant to section 85.39 is a means by which an injured employee can rebut the employer's evaluation of disability. It is not a way for the employee to initiate proceedings. If we were to allow reimbursement for a section 85.39 medical evaluation without a new evaluation from an employer, then an employee could continually file review-reopening petitions at the expense of the employer. This could hardly be the purpose of the statute. *See McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 194 (Iowa 1980) ("[T]here is no reason to conclude that . . . the legislature intended to permit employer furnished medical examinations merely to aid the claimant's discovery.").

Even though we have not applied Iowa Code section 85.39 to review-reopening petitions, the industrial commissioner has. In *Sheriff v. Intercity Express*, 34 Iowa Indus. Comm'r Repts. 302 (Oct. 1978), the employee sought reimbursement for a section 85.39 medical evaluation during his second review-reopening proceeding. The employee asserted

that the prior evaluation, which the new medical evaluation challenged, was the physician's report during the first review-reopening proceeding. *Sheriff*, 34 Iowa Indus. Comm'r Rpts. at 303. In denying the claim for reimbursement, the commissioner stated

> Claimant's subsequent attempt to obtain an examination pursuant to § 85.39 is either an attempt to get evidence of an evaluation of disability greater than that awarded by the deputy in the first review-reopening proceeding or an attempt to get evidence of a change in condition at the employer's expense. It is neither contemplated nor proper that § 85.39 be used for these purposes.

*Id.* Although we do not defer to the commissioner's interpretation of the workers' compensation statute, *Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009), we find the commissioner's reasoning persuasive here.

We agree with the commissioner and the district court that Iowa Code section 85.39 does not expose the employer to liability for reimbursement of the cost of a medical evaluation unless the employer has obtained a rating in the same proceeding with which the claimant disagrees. In 2002, Kohlhaas entered into a settlement agreement establishing his disability. Three years later, he seeks reimbursement for a medical evaluation not to rebut a new impairment rating obtained by the employer in the review-reopening proceeding, but rather to cast doubt on an impairment rating obtained by the employer before the agreement for settlement was reached. If Kohlhaas wanted to challenge Dr. Crane's evaluation at his employer's expense, he should have done so in the original proceeding establishing his disability in 2002,[2] not during the review-reopening proceeding three years later. The review-reopening proceeding in this case is a new and distinct proceeding apart from the

---

[2]From the record, it does not appear Kohlhaas challenged the employer's rating through a medical evaluation pursuant to section 85.39 prior to the 2002 settlement agreement.

original arbitration action, as the claimant had a burden to prove something different than he proved at the arbitration hearing. *See* Iowa Code § 86.14(2). As the employer did not obtain a new evaluation of Kohlhaas' disability in connection with the review-reopening proceeding, Kohlhaas is not entitled to reimbursement for expenses associated with Dr. Kuhnlein's medical evaluation under section 85.39.

**IV. Conclusion.**

As a compensable review-reopening claim requires proof that, after the award or settlement, the claimant's current condition warrants an adjustment in compensation, we reverse and remand the case to determine on the record already made whether Kohlhaas' disability has increased since the settlement agreement. We affirm the commissioner's denial of reimbursement for Kohlhaas' medical evaluation because the employer did not obtain a new rating in the review-reopening proceeding.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**