**IN THE COURT OF APPEALS OF IOWA**

No. 13-1591
Filed August 27, 2014

**JAMIE HALLETT,**
        Petitioner-Appellant,

**vs.**

**BETHANY LIFE COMMUNITIES and
IOWA LONG TERM CARE RISK
MANAGEMENT,**
        Respondent-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Robert A. Hutchison,

Judge.


        Appeal from an order affirming the appeal decision of the workers'

compensation commissioner.  **AFFIRMED.**


        Martin Ozga of Neifert, Byrne & Ozga, West Des Moines, for appellant.

        Charles E. Cutler and Joni L. Ploeger of Cutler Law Firm, P.C., West Des

Moines, for appellees.


        Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

Jamie Hallett appeals the district court's order affirming the appeal decision of the Iowa Workers' Compensation Commissioner that denied Hallett's petition for review-reopening filed pursuant to Iowa Code section 86.14 (2011). Hallett argues the agency incorrectly interpreted the review-reopening statute by requiring her to show a change in physical or economic condition since the time of the original award. She also argues the agency's findings are not supported by substantial evidence and the agency's application of the facts to the law constituted an abuse of discretion.

I.

In November 2007, Hallett was injured during a slip and fall arising out of and related to her employment with Bethany Life Communities. The fall caused her cervical strain, persistent back pain, neck pain, and headaches. The agency found she sustained a twenty-five percent industrial disability. In 2011, Hallett filed a petition for review-reopening, claiming she was entitled to increased compensation. In the review-reopening decision, the deputy commissioner concluded Hallett was required to establish a change in economic or physical condition related to the original injury and found Hallett failed to establish such a change. The review-reopening decision was affirmed on intra-agency appeal by the commissioner's delegee.

II.

The standard of review in this case is governed by the Iowa Administrative Procedure Act ("IAPA"), Iowa Code Chapter 17A. Under the IAPA, we may grant

relief only if we determine the "substantial rights of the person seeking judicial relief have been prejudiced" due to certain types of enumerated errors. Iowa Code § 17A.19(10). As relevant here, we review final agency action for correction of errors at law. *See Kohlhaas v. Hog Slat, Inc.*, 777 N.W.2d 387, 390 (Iowa 2009). We review the agency's findings to determine if they are supported by substantial evidence. *See id.* at 391. "'Substantial evidence' means the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). We review the agency's application of the law to the facts for an abuse of discretion. *See Meyer v. IBP, Inc.*, 710 N.W.2d 213, 219 (Iowa 2006). "An abuse of discretion occurs when the commissioner's exercise of discretion is 'clearly erroneous or rests on untenable grounds.'" *Kohlhaas*, 777 N.W.2d at 391 (citation omitted).

### III.

### A.

Hallett argues the agency erred in interpreting the review-reopening standard. Iowa Code section 86.14(2) provides, "[i]n a proceeding to reopen an award . . . inquiry shall be into whether or not the condition of the employee warrants an end to, diminishment of, or increase of compensation so awarded or agreed upon." The agency interpreted this provision to require Hallett to establish a change in her physical or economic condition caused by her injury. Hallett contends that because section 86.14 does not contain the word "change,"

she is entitled to review-reopening if she can show an increase in compensation was warranted even in the absence of a change in her economic or physical condition. Hallett's argument is foreclosed by a string of controlling authority to the contrary. *See Kohlhaas*, 777 N.W.2d at 392 (holding a claimant must establish a change in condition); *E.N.T. Assocs. v. Collentine*, 525 N.W.2d 827, 829 (Iowa 1994) (stating the claimant carries the burden of establishing "an impairment or lessening of earning capacity"); *Gallardo v. Firestone Tire & Rubber Co.*, 482 N.W.2d 393, 395 (Iowa 1992) (same); *Blacksmith v. All-American, Inc.*, 290 N.W.2d 348, 350 (Iowa 1980) (stating the claimant must show "an increase in industrial disability proximately caused by the injury subsequent to the date of the original award" or a "change in earning capacity subsequent to the original award which is proximately caused by the original injury"); *Polson v. Meredith Publ'g Co.*, 213 N.W.2d 520, 525 (Iowa 1973) (stating "plaintiff may recover additional compensation on a showing of a change of condition"). We are not at liberty to ignore these decisions or overrule them. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014). Accordingly, the agency did not err in concluding Hallett was required to show a change in condition caused by her injury as a prerequisite to receiving additional compensation.

B.

Hallett contends the agency's finding she did not establish a change in condition is not supported by substantial evidence. On substantial evidence review, we do not reassess the evidence or make our own determination of the weight to be given to various pieces of evidence. *See Burns v. Bd. of Nursing*,

495 N.W.2d 698, 699 (Iowa 1993). Instead, the agency's findings are broadly construed to uphold the decision made. *See Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 558 (Iowa 2010). Hallett also makes the related argument that the agency abused its discretion in applying its findings to the relevant law. We conclude the agency's findings are supported by substantial evidence and the agency did not abuse its discretion.

The agency determined the physical complaints Hallett now raises—headaches and neck pain—are the same conditions for which she was previously compensated. This is supported by the record. Hallett admitted in her deposition she previously suffered debilitating headaches. She also admitted her neck condition remained "basically unchanged" from 2008 and "[p]retty much stayed the same" since the time of the arbitration hearing.

The agency also determined Hallett's functional abilities, educational prospects, and employment prospects have not changed since the time of the original award. These findings are supported by substantial evidence. Hallett's weight restrictions remain the same. While she now contends she cannot attend her children's events and needs assistance with housework, these are the same limitations she raised in the original proceeding. At that time, the agency also determined Hallett already had ceased attending college for reasons unrelated to her workers' compensation claim. Likewise, the agency determined Hallett's place of employment, her family-owned video store, was losing money for reasons unrelated to her workers' compensation claim. None of these conditions have changed since the time of the award. Further, to the extent there was a

change in condition, there is substantial evidence the change or changes in condition were not caused by Hallett's work-related injury.

Hallett's real argument is simply a disagreement with the agency's findings, rehashing the evidence that might support a different decision. While there may be some evidence to the contrary, "[e]vidence is not insubstantial merely because it would have supported contrary inferences." *Wal-Mart Stores, Inc. v. Caselman*, 657 N.W.2d 493, 499 (Iowa 2003). The question is not whether the evidence would support a different finding, the question is whether the evidence supports the finding actually made. *See Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009). We conclude there is substantial evidence supporting the findings actually made and the agency's decision was not irrational or otherwise an abuse of discretion.

IV.

For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED.**