**IN THE COURT OF APPEALS OF IOWA**
No. 14-0300
Filed February 25, 2015

**BRANDON LEE WEGNER,**
      Plaintiff-Appellant,

**vs.**

**HORMEL FOODS CORPORATION,**
      Defendant-Appellee.
_____

      Appeal from the Iowa District Court for Kossuth County, Carl J. Petersen,

Judge.

      A worker appeals a district court order affirming a final agency decision of

the Iowa Workers' Compensation Commissioner.  **AFFIRMED.**

      Mark S. Soldat of Soldat, Parrish-Sams & Gustafson, P.L.C., West Des

Moines, for appellant.

      Valerie A. Landis of Hopkins & Huebner, P.C., Des Moines, for appellee.

      Heard by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

Brandon Lee Wegner appeals a district court order affirming a final agency decision of the Iowa Workers' Compensation Commissioner concerning the calculation of his weekly compensation rate.

## I. Background Facts and Proceedings

Wegner worked for Hormel Foods Corporation, earning hourly wages. He sustained an on-the-job injury on March 23, 2009. The parties stipulated the injury arose out of and in the course of Wegner's employment and also stipulated he had yet to reach maximum medical improvement. Accordingly, they agreed permanency issues were not ripe for consideration.

Following a hearing, a deputy commissioner issued an arbitration decision accepting Hormel's proposed weekly compensation rate of $467.78[1] over Wegner's proposed rate, which, in the deputy's view, was based on "unreliable," "scissored snippets of original documents mashed together." The deputy summarily denied Wegner's request for penalty benefits based on the claimed unreasonable rate calculation. Because Wegner had not reached maximum medical improvement, the deputy deferred ruling on permanent benefits, claimed underpayment of temporary disability benefits, and penalty claims "based on allegedly unreasonable payment of temporary benefits."

On intra-agency appeal, the commissioner adopted the deputy's decision, with added analysis in a few areas. Wegner filed a rehearing application, which the agency denied.

---

[1] Hormel notes the actual rate was $467.68.

Wegner sought judicial review. The district court affirmed the commissioner's decision. Wegner appealed following the denial of his motion for enlarged findings and conclusions.

Wegner contends (A) the commissioner failed to set forth sufficient findings of fact and conclusions of law, (B) the commissioner erred in determining his weekly compensation rate; (C) the commissioner erred in denying him penalty benefits arising from the compensation rate; and (D) the commissioner erred in bifurcating claims for past temporary disability benefits until he reached maximum medical improvement.

## II. Analysis

### A. Sufficiency of Findings of Fact/Conclusions of Law

Iowa Code section 17A.16(1) (2013) states:

> A proposed or final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of underlying facts supporting the findings. The decision shall include an explanation of why the relevant evidence in the record supports each material finding of fact. If, in accordance with agency rules, a party submitted proposed findings of fact, the decision shall include a ruling upon each proposed finding. Each conclusion of law shall be supported by cited authority or by a reasoned opinion.

Wegner's attorney asserts the commissioner failed to comply with these directives. We disagree.

The Iowa Supreme Court has concluded step-by-step reasoning in an agency decision is not essential, as long as it is possible to determine what evidence was considered and why certain evidence was credited over other evidence. *See Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 560-61

(Iowa 2010). Our court has repeatedly reaffirmed this principle. *See Dodd v. Fleetguard, Inc.*, 759 N.W.2d 133, 138-39 (Iowa Ct. App. 2008); *Reefer v. Gold-Eagle Co-op*, No. 14-0191, 2014 WL 7343627*,* at *3 (Iowa Ct. App. Dec. 24, 2014); *Sullivan v. Cummins Filtration-Lake Mills*, No. 13-0658, 2014 WL 955210, at *5 (Iowa Ct. App. Mar. 12, 2014); *Hansen v. Snap-on Tools Mfg. Co.*, No. 12-1038, 2013 WL 751282, at *6 (Iowa Ct. App. Feb. 27, 2013); *Hoeft v. Fleetguard, Inc.*, No. 07-0551, 2009 WL 1677429, at *5 (Iowa Ct. App. June 17, 2009); *Gillespie v. Wellmark, Inc.,* No. 071100, 2008 WL 4525778, at *6 (Iowa Ct. App. Oct. 1, 2008).

Both the deputy commissioner, whose decision the commissioner adopted, and the commissioner, who added to the deputy's decision, explicated their reasons for rejecting Wegner's proposed rate calculations, denying penalty benefits based on the compensation rate, and deferring consideration of temporary disability benefits and penalties arising from the payment of these benefits. Their decisions comported with the requirements of section 17A.16(1).

### B. Weekly Compensation Rate

Wegner next challenges the commissioner's adoption of Hormel's weekly rate calculation over his. This issue involves the application of law to fact. *See* Iowa Code § 17A.19(10)(m); *Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010). Accordingly, the commissioner's decision is reviewed to determine whether it was "illogical, irrational, or wholly unjustifiable." *Jacobson Transp. Co.*, 778 N.W.2d at 196. To the extent we find it necessary to consider the commissioner's fact findings, our review is for substantial evidence. *See* Iowa Code § 17A.19(10)(f).

The basis for compensation of an injured employee "shall be the weekly earnings of the injured employee at the time of the injury." Iowa Code § 85.36. "Weekly earnings means gross salary, wages, or earnings of an employee to which such employee would have been entitled had the employee worked the customary hours for the full pay period in which the employee was injured, as regularly required by the employee's employer. . . ." *Id.* In calculating weekly earnings of an employee who is paid on an hourly basis, "[a] week which does not fairly reflect the employee's customary earnings shall be replaced by the closest previous week with earnings that fairly represent the employee's customary earnings." *See* Iowa Code § 85.36(6).

The deputy stated:

> Despite the receipt of many hundreds of pages of evidence in these consolidated claims, evidence of Wegner's earnings prior to March 23, 2009, is questionable. In exhibit D, defendants offer an extracted summary of earnings, including weeks substituted for allegedly unrepresentative weeks, although no raw data supporting either inclusion or exclusion backs up any of this. Wegner's Exhibit II offers much raw data, but in the form of scissored snippets of original documents mashed together. Because parts of the original pages were obviously discarded, it is unknown whether or not those parts contained relevant information. This collection of altered documents is unreliable, Defendants' Exhibit D, which includes pro rata credit for profit sharing payments is accepted as the better reflection of Wegner's earnings.

After accepting Hormel's documentation over Wegner's, the deputy determined the compensation rate to be $467.78.

The commissioner adopted the deputy's analysis and additionally stated:

> The deputy accepted employer's contention as to representative weeks contained in Exhibit D over claimant's, and rejected claimant's Exhibit 2 as portions of the original documents that were cut-and-pasted into that exhibit obviously were discarded and may have contained relevant information. This was a best evidence

question. In presenting their cases, parties are obligated to introduce documentary evidence in a clear and concise [manner] that permits the fact finder to review the presented evidence [agilely] and without undue concern for its overall accuracy. . . . Exhibit D with its insufficiencies clearly trumps Exhibit 2 in providing an articulate reasoned basis for calculation of the average weekly wage.

The commissioner's findings on this issue are supported by substantial evidence. As for its application of law to fact, we discern nothing illogical, irrational, or wholly unjustifiable. As the district court stated:

The Appeal Decision finds that the deputy commissioner accepted Exhibit D over claimant's Exhibit 2 as Exhibit 2 did not appear to be a complete record. The Court finds this to be a logical choice. Further, the Court finds the determination that the weeks excluded by the Respondent were not reflective of Mr. Wegner's customary wages to be rational. The Petitioner admitted during the hearing that weeks including holiday or vacation pay would overstate his earnings. Indeed, the record reflects weeks where the Petitioner received holiday or vacation pay were substantially higher than average work weeks. The exclusion of these weeks was not irrational, illogical, or wholly unjustifiable.

We fully concur in this reasoning. *See Griffin Pipe Prod. Co. v. Guarino*, 663 N.W.2d 862, 867 (Iowa 2003) (holding "agency properly concluded the two weeks during which [the claimant] had no earnings did not reflect the customary hours he typically worked"); *Mercy Med. Ctr. v. Healy*, 801 N.W.2d 865, 873 (Iowa Ct. App. 2011) (affirming agency finding that claimant's use of paid benefits to reach thirty-five hours per week did not change fact her earnings were normally based on thirty-five hours per week.).

### C. Penalty Benefits

As noted, the commissioner declined to award Wegner penalty benefits "based on an allegedly unreasonable rate of compensation." Again, this issue involves the application of law to fact and our review is to determine whether the

commissioner's decision is illogical, irrational, or wholly unjustifiable. *See Dunlap v. Action Warehouse*, 824 N.W.2d 545, 557 (Iowa Ct. App. 2012).

Iowa Code section 86.13(4)(a) states:

> If a denial, a delay in payment, or a termination of benefits occurs without reasonable or probable cause or excuse known to the employer or insurance carrier at the time of the denial, delay in payment, or termination of benefits, the workers' compensation commissioner shall award benefits in addition to those benefits payable under this chapter or chapter 85, 85A, or 85B, up to fifty percent of the amount of benefits that were denied, delayed, or terminated without reasonable or probable cause or excuse.

Iowa Code § 86.13(4). An employer's miscalculation of benefits resulting in a lower payment than the proper weekly rate constitutes a "delay" under section 86.13(4). *Robbennolt v. Snap–On Tools Corp.*, 555 N.W.2d 229, 237-38 (Iowa 1996).

The first prerequisite to imposition of a penalty is a showing of a delay in payment or a denial of benefits. *Keystone Nursing Care Ctr. v. Craddock*, 705 N.W.2d 299, 307 (Iowa 2005). Hormel concedes it initially paid Wegner using a compensation rate of $464.38. Hormel accurately notes this was "$3.30 per week lower than the rate determined following the hearing."

We turn to the second prerequisite—whether the delay was "without reasonable or probable cause or excuse." Iowa Code § 86.13(4)(a), (b); *Keystone*, 705 N.W.2d at 307. To constitute "reasonable or probable cause or excuse," an excuse must satisfy all the following criteria:

> (1) The excuse was preceded by a reasonable investigation and evaluation by the employer or insurance carrier into whether benefits were owed to the employee.
> (2) The results of the reasonable investigation and evaluation were the actual basis upon which the employer or

insurance carrier contemporaneously relied to deny, delay payment of, or terminate benefits.

(3) The employer or insurance carrier contemporaneously conveyed the basis for the denial, delay in payment, or termination of benefits to the employee at the time of the denial, delay, or termination of benefits.

Iowa Code § 86.13(4)(c). The commissioner did not make explicit findings on these factors. However, the deputy commissioner adopted a figure propounded by Hormel after finding Wegner's figures unreliable. The deputy's finding disparaging Wegner's documentation was supported by correspondence reflecting Wegner's significant delay in responding to Hormel's request for information supporting a higher rate together with inaccuracies in the information that was ultimately provided. In light of this delay, Hormel decided to unilaterally revise its rate calculation upward, and sent Wegner a check for the difference.

In short, the record contains substantial evidence to support the commissioner's implicit findings under section 86.13(4)(c). *See Acuity Ins. v. Foreman*, 684 N.W.2d 212, 220 (Iowa 2004) (addressing implicit finding of agency), *abrogated on other grounds by Kohlhaas v. Hog Slat, Inc.*, 777 N.W.2d 387, 391-92 (Iowa 2009).

### D. Deferral of Proceedings

As noted, the parties stipulated Wegner had yet to reach maximum medical improvement and agreed "[e]ntitlement to permanent disability [was] not ripe for determination." The deputy commissioner deferred consideration of this issue, and also elected to defer consideration of any issues relating to temporary partial disability benefits, including claims for penalties associated with the past payment of these benefits. On intra-agency review, the commissioner found the

deferral "reasonable under the overall circumstances of this case, as it comported with administrative economy and adjudicative consistency." The commissioner reasoned that, "[i]n the absence of compelling circumstances, which were not shown to exist in these claims, matters should not be decided piecemeal, and a presiding deputy has the discretion to decline to decide issues so presented until all potential issues are ripe for adjudication."

Wegner contends the commissioner's decision to defer consideration of issues relating to the past award of temporary benefits was unreasonable because "everything necessary to resolve these issues already had been submitted." This may well be true, but the commissioner acted well within his discretion in deciding to consider past and future issues relating to temporary compensation in a single proceeding. *See* Iowa Code § 17A.19(10)(n) (authorizing review for abuse of discretion).

We affirm the district court's judicial review decision affirming the commissioner's workers' compensation decision.

**AFFIRMED.**