# IN THE COURT OF APPEALS OF IOWA

No. 17-1409
Filed June 6, 2018

**VICENTE LINARES,**
        Plaintiff-Appellant,

**vs.**

**TYSON FRESH MEATS, INC.,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

Vicente Linares appeals the district court order affirming the final agency decision denying his review-reopen petition. **AFFIRMED.**

James C. Byrne of Neifert, Byrne & Ozga, P.C., West Des Moines, for appellant.

Timothy A. Clausen of Klass Law Firm, L.L.P., Sioux City, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Vicente Linares was awarded two-hundred weeks of permanent partial disability benefits after the workers' compensation commissioner found that he sustained a forty-percent industrial disability when he was injured while working at Tyson Fresh Meats (Tyson) in June 2009. In 2013, Linares filed a review-reopening petition, alleging that he sustained an increased loss of earning capacity after he was awarded benefits. Following a hearing, the deputy commissioner found that Linares failed his burden of proving an increased loss of earning capacity and denied his petition. The commissioner affirmed the deputy commissioner's decision, and Linares petitioned for judicial review in the district court. He appeals the district court order affirming the final agency decision, arguing the agency misinterpreted the law governing review-reopening proceedings.

Our scope of review is for correction of errors at law. *See* Iowa R. App. P. 6.907. In reviewing the district court's decision on judicial review, we apply the standards of Iowa Code chapter 17A to determine whether the conclusions we reach are the same as the conclusions of the district court. *See Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012). If they are, we affirm; if not, we reverse. *See id.*

An award of workers' compensation benefits "may be reviewed upon commencement of reopening proceedings by the employer or the employee within three years from the date of the last payment of weekly benefits made under the award or agreement." Iowa Code § 85.26(2) (2013). The question is whether the condition of the employee warrants a change of compensation. *See id.* § 86.14(2).

Linares's benefits may be increased if he has proved by a preponderance of the evidence that he "suffered an impairment or lessening of earning capacity" after he was originally awarded benefits. *Simonson v. Snap-On Tools Corp.*, 588 N.W.2d 430, 434 (Iowa 1999). Linares is not required to show a change in physical condition, only that his earning capacity had decreased. *See id.* In addition, Linares must prove by a preponderance of the evidence that the decrease in his earning capacity was "proximately caused by the original injury." *Kohlhaas v. Hog Slat, Inc.*, 777 N.W.2d 387, 392 (Iowa 2009) (quoting *Simonson*, 588 N.W.2d at 434.

Linares claims his economic condition decreased because the permanent restrictions imposed as a result of his work injury prevented him from continuing to perform the work duties of the position he held before the injury, resulting in his transfer to a lower-paying position at Tyson after his benefits were awarded. Linares argues the workers' compensation commissioner incorrectly applied the law in affirming the deputy commissioner's decision because his industrial disability rating was calculated based on the assumption his earnings would not be reduced.

The arbitration decision discussed the following factors, which led to the determination that Linares had sustained a forty-percent loss of earning capacity:

> [Linares]'s medical condition before the work injury was fairly good except for some prior flare-ups in the left shoulder and low back. He was able fully perform the physical tasks in his repetitive work. While [Linares] has returned to his job, it is quite apparent the repetitive work is really not suitable for him as it is likely he will continue to have problems if he continues such work as noted by Dr. McGuire. However, [Linares] needs to work and will likely continue this work until he can no longer tolerate it. He is now looking for other

jobs at Tyson. [Linares] remains at work without permanent loss of wages as a result of his injuries.

[Linares] is 42 years old. He has very limited education. Given his language problems, age, and limited education, he has little potential for retraining into a more skilled lighter duty job. His restrictions, which prohibit heavy work and difficulty with repetitive work, will severely limit those limited jobs open to non-English speaking immigrants.

In the review-reopening decision, the deputy commissioner rejected Linares's claim that the change in his position at Tyson due to his work restrictions reduced his earning capacity. The deputy commissioner noted that the permanent restrictions were known to the parties at the time of the arbitration hearing and "[t]he deputy clearly considered the impact of these restrictions upon claimant's ability to engage in the labor market generally, as well as his ability to remain in [his prior] position indefinitely." The commissioner affirmed the decision. In *Kohlhaas*, our supreme court clarified that claimants in review-reopening actions need not demonstrate that their current condition was not contemplated at the time of the original settlement. 777 N.W.2d at 393. However, the court emphasized that the principles of res judicata still apply and, accordingly, "the agency, in a review-reopening petition, should not reevaluate an employee's level of physical impairment or earning capacity if all of the facts and circumstances were known or knowable at the time of the original action." *Id.* In denying Linares's petition for judicial review, the district court found that the commissioner properly interpreted and applied *Kohlhaas* in concluding that Linares's economic position had not changed because his earning capacity was determined at the time of the original action with the work restrictions in mind. We agree, and therefore affirm.

Linares's also alleges his earning capacity diminished when his new position was eliminated, leading to the termination of his employment with Tyson. In Linares's view, his original injury was a proximate cause of the loss of his employment: but for the work injury, Linares would not have been transferred to a new position and therefore would not have lost his employment when the new position was eliminated. The deputy commissioner rejected this argument, finding instead that Linares's earning capacity decreased because of factors other than his injury. The commissioner affirmed.

In *US West Communications, Inc. v. Overholser*, 566 N.W.2d 873, 877 (Iowa 1997), the supreme court held a claimant was not entitled to review-reopening when her economic condition decreased a due to a layoff.

> [The claimant's] physical condition remained unchanged and her earning capacity decreased solely because of factors outside of the settlement with U.S. West, including her subsequent injuries, the downsizing by U.S. West, her lack of seniority, and her job seeking skills. Her inability to secure employment after the layoff was not due to her back injury, but to other factors not at issue in this case. [The claimant] has failed to prove by a preponderance of evidence that her decreased earning capacity was proximately caused by her initial injury.

*Id.* (citation omitted). In denying Linares's petition for judicial review, the district court concluded that "[t]he commissioner's application of the proximate cause standard is supported by the facts, which demonstrate petitioner was in the position for approximately one year and nearly all of the employees who worked on the line were also terminated by respondent." Reaching the same conclusion, we affirm.

**AFFIRMED.**