# IN THE COURT OF APPEALS OF IOWA

No. 19-0341
Filed September 25, 2019

**ROBERT OSTWINKLE,**
Claimant-Appellee,

**vs.**

**MATHY CONSTRUCTION COMPANY, d/b/a RIVER CITY PAVING and/or A.L.M HOLDING COMPANY, and ZURICH AMERICAN INSURANCE COMPANY,**
Defendants-Appellants.

_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

Mathy Construction Company and Zurich American Insurance Company appeal an order to reimburse the cost of an independent medical examination in a workers' compensation case. **AFFIRMED.**

Thomas D. Wolle of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, for appellants.

Dirk J. Hamel of Gilloon, Wright & Hamel, P.C., Dubuque, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Mathy Construction Company and Zurich American Insurance Company (collectively "Employer") appeal an order to reimburse the cost of an independent medical examination (IME) in a workers' compensation case.[1]  We find the cost of the IME is reimbursable under Iowa Code section 85.39 (2017).

## I. Background Facts & Proceedings

On July 23, 2013, Robert Ostwinkle sustained a low-back injury during the course of his employment with Mathy Construction.  He filed an arbitration petition seeking workers' compensation benefits on July 28, 2015.[2]  In October 2015, the Employer's physician opined Ostwinkle had reached maximum medical improvement.  In November 2016 the Workers' Compensation Commissioner (Commissioner) entered an order for healing period and temporary partial disability benefits.  The parties stipulated the issue of permanent disability was not yet ripe, though the Employer's physician had determined Ostwinkle had reached maximum medical improvement and provided an impairment rating.

On February 3, 2017, Ostwinkle filed a review-reopening petition seeking additional healing period and temporary disability benefits relating to the back injury.  After obtaining authorization from the Commissioner, Ostwinkle obtained an IME in July.  The Employer reimbursed Ostwinkle for the approved IME report

---

[1] We note the appendix submitted by the parties includes documents that are not included in the district court record.  Our review is limited to the record before the district court, Iowa R. App. P. 6.801 (restricting record on appeal to record in district court), and we will not consider the additional documents.  *See Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 3 (Iowa 2005) ("Documents that were never before the district court cannot be added to the record on appeal.").

[2] The petition also included disability claims from a work-related shoulder injury.

pursuant to Iowa Code section 85.39.[3]  In August, Ostwinkle dismissed his review-reopening petition without prejudice.

Ostwinkle underwent additional treatment.  On June 8, 2018, after a request from the Employer, the rehabilitative doctor opined Ostwinkle had reached maximum medical improvement from his July 2013 injury, recommended work restrictions, and provided a permanent impairment rating.

On June 11, Ostwinkle re-filed his review-reopening petition, this time requesting healing period, temporary partial disability, industrial disability, permanent total disability, and odd-lot disability benefits.  On August 23, he sought another IME at Employer's expense.  The Employer resisted, based on having reimbursed Ostwinkle's prior IME report for the same injury.  The Commissioner granted Ostwinkle's application for a new IME.  The Employer filed an application for rehearing, which was denied, then petitioned the district court for judicial review.  On February 5, 2019, the district court affirmed the Commissioner's ruling.  The Employer appeals.

## II.     Standard of Review

"The standards set forth in Iowa Code chapter 17A govern judicial review of final decisions by the workers' compensation commissioner."  *Ramirez-Trujillo v. Quality Egg, L.L.C.*, 878 N.W.2d 759, 768 (Iowa 2016).   "We will apply the standards of section 17A.19(10) to determine whether we reach the same results as the district court."  *Evercom Sys., Inc. v. Iowa Utils. Bd.*, 805 N.W.2d 758, 762

---

[3] Though section 85.39 was amended in 2017, the amended provision only "applies to injuries occurring on or after July 1, 2017," and is not applicable here. 2017 Iowa Acts ch. 23, § 24.

(Iowa 2011). Here, our review of the workers' compensation commissioner's decision is for correction of errors at law. *See* Iowa Code § 17A.19(10)(c); *Simonson v. Snap-On Tools Corp.*, 588 N.W.2d 430, 434 (Iowa 1999).

### III.     Merits

Iowa Code chapter 85 establishes an employer's and employee's rights and duties in a workers' compensation action. The examination of an injured employee is governed by section 85.39, which provides in relevant part:

> If an evaluation of permanent disability has been made by a physician retained by the employer and the employee believes this evaluation to be too low, the employee shall, upon application to the commission and upon delivery of a copy of the application to the employer and its insurance carrier, be reimbursed by the employer the reasonable fee for a subsequent examination by a physician of the employee's own choice . . . .

Iowa Code § 85.39(2). The Employer claims this section only permits a single reimbursable IME for the same injury. Ostwinkle claims the section permits a claimant a second IME at the employer's expense to respond to a second employer impairment rating. The Commissioner found the second review-reopening petition constituted a new petition under which Ostwinkle had not yet had an IME reimbursed. The district court found that because a new evaluation had been made by a physician retained by the Employer in the new review-reopening proceeding and Ostwinkle believed the evaluation to be too low, section 85.39 entitled him to a subsequent examination by a physician of his choosing.

The Employer relies on *Larson Manufacturing Co. v. Thorson*, 763 N.W.2d 842, 861 n.12 (Iowa 2009), where the supreme court held the commissioner did not have the authority to require an employer to pay for a second evaluation in response to new medical opinions in a remand proceeding. However, we find the

more relevant case for our analysis is *Kohlhaas v. Hog Slat, Inc.*, 777 N.W.2d 387 (Iowa 2009), which examined an IME reimbursement under section 85.39 in the context of a review-reopening petition.

"The review-reopening proceeding . . . is a new and distinct proceeding apart from the original arbitration action, as the claimant had a burden to prove something different than he proved at the arbitration hearing." *Kohlhaas*, 777 N.W.2d at 395. When a claimant seeks to reopen an award, the commissioner evaluates "'the condition of the employee, which is found to exist subsequent to the date of the award being reviewed.' The commissioner is not supposed to 're-determine the condition of the employee which was adjudicated by the former award.'" *Id.* at 391 (quoting *Stice v. Consol. Ind. Coal Co.*, 291 N.W. 452, 456 (Iowa 1940)).

"[T]he legislature meant to allow the employee to obtain a disability rating from a physician of his 'own choice' when the physician *chosen by* the employer gives a disability evaluation unsatisfactory to the employee." *IBP, Inc. v. Harker*, 633 N.W.2d 322, 327 (Iowa 2001); *see also Des Moines Area Reg'l Transit Auth. v. Young*, 867 N.W.2d 839, 847 (Iowa 2015) ("Th[e] process permits the employer, who must pay the benefits, to make the initial arrangements for the evaluation and only allows the employee to obtain an independent evaluation at the employer's expense if dissatisfied with the evaluation arranged by the employer."). "[S]ection 85.39 does not expose the employer to liability for reimbursement of the cost of a medical evaluation *unless* the employer had obtained a rating in the same proceeding with which the claimant disagrees." *Kohlhaas*, 777 N.W.2d at 394 (emphasis added).

We find this case falls within the set of facts implied by the court in *Kohlhaas* that could justify the authorization of reimbursement for a new IME. *See id.* at 395 (finding a review-reopening proceeding was new and distinct from the arbitration proceeding though, in the instant case, an employee was not entitled to reimbursement for an IME under 85.39 because the employer did not obtain a new disability evaluation in connection with the new proceeding). The original arbitration action ended in a November 2016 ruling for temporary and healing period benefits, and the parties stipulated the permanent disability question was not ripe for determination at that time. The first review-reopening petition was voluntarily dismissed. This review-reopening petition is to determine Ostwinkle's permanent condition, which was now ripe for determination.

In this new proceeding, ten months after Ostwinkle's first review-reopening petition had been dismissed and following additional treatment, the Employer obtained a new evaluation and new impairment rating to be used to determine permanent disability. Ostwinkle is seeking to rebut the new disability evaluation in connection with this new proceeding. We affirm the commissioner's grant of reimbursement for Ostwinkle's medical evaluation.

**AFFIRMED.**