# IN THE COURT OF APPEALS OF IOWA

No. 21-0490
Filed March 2, 2022

**ALEVIA GREEN,**
        Plaintiff-Appellee,

**vs.**

**NORTH CENTRAL IOWA REGIONAL SOLID WASTE AUTHORITY and
IOWA MUNICIPALITIES WORKERS' COMPENSATION ASSOCIATION,**
        Defendants-Appellants.
_____

        Appeal from the Iowa District Court for Webster County, Kurt L. Wilke, Judge.


        In this review-reopening action, an employer and its insurer appeal the district court's reversal of the workers' compensation commissioner's grant of summary judgment in their favor. **AFFIRMED AND REMANDED.**


        Ryan M. Clark and Brittany N. Salyars of Patterson Law Firm, L.L.P., Des Moines, for appellants.

        Jerry L. Schnurr III of Schnurr Law Firm, P.C., Fort Dodge, for appellee.


        Heard by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**BOWER, Chief Judge.**

In this review-reopening action, an employer and its insurer appeal the district court's reversal of the workers' compensation commissioner's grant of summary judgment in their favor.[1]  Because we agree the commissioner erred in granting the employer's motion for summary judgment, we affirm with directions to remand to the agency for further proceedings.

## I. Background Facts and Proceedings.

On April 30, 2012, Alevia Green was sorting newspapers at the employer's recycling center when a truck unloaded more paper from a dumpster and a dumpster door fell off and hit Green in the head and neck.  She suffered "cervical strain, head trauma, and right shoulder strain."  The employer paid temporary disability benefits from April 30 to August 7, 2012.  On August 8, she was found to have reached maximum medical improvement "with symptoms of resolving cervical strain, closed head trauma, and right shoulder strain."  She continued to experience migraine headaches.

*Arbitration proceedings.*  Green sought workers' compensation benefits for permanent disability.  Further background proceedings were summarized by a deputy workers' compensation commissioner:

> At the October 6, 2014 [arbitration] hearing, the parties stipulated [Green] sustained a work-related injury resulting in temporary disability, though they disputed whether [her] injury caused any permanent disability or additional periods of temporary disability.
> In an arbitration decision issued on December 19, 2014, a deputy workers' compensation commissioner determined [Green] did not meet her burden of establishing that her work injury caused

---

[1] The employer, North Central Iowa Regional Solid Waste Authority, and its workers' compensation insurer, Iowa Municipalities Workers' Compensation Association, will be referred collectively as the employer.

any permanent impairment or loss of earning capacity. Specifically, the deputy commissioner found "[Green] suffered mild (at most) brain injury and some relatively minor physical injury, all of which resolved without any permanency." The deputy commissioner also determined [Green] was not entitled to additional temporary benefits or medical benefits beyond those already paid by [the employer]. He noted the period of temporary benefits sought by [Green] was "long after [Green's] temporary disability was *resolved*" and that [the employer] had "reimbursed [Green] for all reasonable medical expenses incurred in the treatment of the injury." [Green] appealed.

On April 11, 2016, the commissioner issued an appeal decision affirming the arbitration decision in its entirety with some additional analysis. The commissioner specifically affirmed the deputy commissioner's finding that [Green] failed to carry her burden of proof that her work injury caused permanent disability. The commissioner also specifically affirmed the deputy commissioner's finding that [the employer was] not responsible for any additional medical care or treatment beyond what had already been paid. Based on the fact that neither [Green's] own independent medical examiner nor any of her authorized treating medical providers were recommending additional treatment for her work injury, the commissioner added that "[the employer is] not responsible for any ongoing or future medical care or treatment." Lastly, because the deputy commissioner's finding that [Green] was not entitled to additional temporary benefits was not appealed, it was not addressed by the commissioner. [Green] then filed a petition for judicial review.

On May 1, 2017, the district court issued its ruling. The court affirmed the commissioner's decision but for his findings regarding [Green]'s claims for reimbursement of past medical expenses. That portion of the decision was reversed and remanded.

In a remand decision dated March 8, 2018, the commissioner found [the employer] liable for past medical charges incurred [between] . . . April 30, 2012 . . . and . . . May 17, 2012. The commissioner determined [the employer was] liable for no other charges.

*Petition for review-reopening.* On June 4, 2018, Green filed a petition for review-reopening, asserting she was permanently and totally disabled as a result of the April 30, 2012 injury. The employer filed a motion for summary judgment, asserting it was entitled to judgment as a matter of law because Green could not relitigate the extent of her injuries. Green resisted, alleging "her condition arising

out of her injury of April 30, 2012[,] has worsened or her temporary disability has developed into a permanent impairment and disability." Green asserted genuine issues of material fact precluded summary judgment and attached documentation of medical treatments attributed to her 2012 injury, including an April 28, 2015 notation by Dr. Shahnawaz Karim, which states:

> A [thirty-nine]-year-old female with headaches that started after the injury. She does seem to be depressed. At this point, I am not sure how much of her disability is because of the associated psychiatric problems. I did advise the patient that the recovery is going to take time, that depression and migraine headaches are inter-related. Weight loss is going to help. I have started the patient on [medication]. I have given her written instructions. In future I will try to get the records for neuropsychological testing from Dr. Andrikopoulos. Followup in [three] months.

On July 29, 2015, Dr. Karim notes:

> History of present illness: Patient is a [thirty-nine]-year-old female with long-standing history of migraine headaches. Patient states that headache frequency has not changed. . . . She does not have a job currently. She admits to having social anxiety. She has a psychiatrist and was getting therapy. . . . She stated that psychotherapy was helpful. She does not have a job but is interested in finding one. She still feels sad.

Green participated in physical therapy from January through March 2017. She was evaluated for chronic pain by Dr. Bushra Nauman on September 15, 2017. Green reported pain beginning at the base of her skull and shooting up into her forehead and temples and pain at the top of her right shoulder and in between her shoulder blades, which had continued since the work injury. Dr. Nauman performed trigger point injections in October, and Green participated in additional physical therapy in February and March 2018.

On October 11, 2018, a deputy commissioner granted the employer summary judgment, ruling "the issues of [Green's] entitlement to future medical

benefits and temporary and permanent disability were previously ripe for determination and decided adversely to [her]." The deputy wrote:

> At the outset, before inquiry can be made into whether claimant sustained a change in condition, there must first be an award of compensation. See Iowa Code § 86.14(2) [(2018)]. Without an award of compensation, there is nothing to end, diminish, or increase. *See id.* In this case, it was determined that [Green] sustained a temporary injury that had resolved by the underlying hearing. Because [Green's] injury resolved, the commissioner found [she] sustained no permanent disability and was not entitled to temporary disability benefits beyond those already paid. Given that [Green's] condition resolved and there were no recommendations for future care, the commissioner also determined [the employer was] not responsible for future medical care. Based on these determinations, [Green] was awarded no compensation that could be ended, diminished, or increased upon review-reopening. Because [Green] failed to satisfy the prerequisite to the inquiry of whether she sustained a change in condition, I conclude [she] is precluded from bringing a review-reopening claim.

On intra-agency appeal, the commissioner affirmed the grant of summary judgment to the employer, agreeing that Green's "claim for permanency has already been litigated and decided."

Green then sought judicial review. The district court reversed the commissioner, concluding "the commissioner's conclusion that Green's lack of award renders it incapable of being increased is illogical. The conclusion that Green is precluded from bringing a review-reopening claim is erroneous." The court explained:

> The commissioner presumes that if no compensable injuries were proven at the arbitration hearing, they can never be proven to have changed in condition. But the review-reopening presupposes a potential "change in condition" (including from temporary to permanent). Such a change in condition may still be causally related to a work injury. On this matter, the parties have a difference of opinion as to the medical evidence produced on the present claim (whether a temporary injury has morphed into a permanent one). Such a difference of opinion as to a matter so consequential is a

genuine issue of material fact. Because such a fact issue exists, the [employer is] not entitled to summary judgment. Green's review-reopening claim is not barred by res judicata. The commissioner's conclusion to the contrary was erroneous.

The employer now appeals, asserting the district court erred in concluding Green's review-reopening petition was not barred by res judicata.

## II. Scope and Standards of Review.

On a petition for judicial review of a commissioner's decision, the district court acts in an appellate capacity to correct errors of law. *See Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 888-89 (Iowa 2014). When the judicial-review ruling is appealed, the appellate court applies "the standards of chapter 17A to determine whether we reach the same conclusions as the district court. If we reach the same conclusions, we affirm; otherwise we may reverse." *Id.* at 889.

We also review summary judgment rulings for correction of errors of law. *Kunde v. Est. of Bowman*, 920 N.W.2d 803, 806 (Iowa 2018).

"[W]e are not bound by the agency's interpretation of the law and 'may substitute our interpretation for the agency's.'" *Grant v. Iowa Dep't of Hum. Servs.*, 722 N.W.2d 169, 173 (Iowa 2006) (emphasis and citation omitted). Whether res judicata is applicable is question of law. *See id.*

## III. Discussion.

We begin with the statutory provisions applicable here. Iowa Code section 86.14(2) addresses review-reopening proceedings: "In a proceeding to reopen an award for payments or agreement for settlement as provided by section 86.13, inquiry shall be into whether or not the condition of the employee

warrants an end to, diminishment of, or increase of compensation so awarded or agreed upon." Iowa Code section 85.26(2) states, in part:

> An award for payments or an agreement for settlement provided by section 86.13 for benefits under this chapter or chapter 85A or 85B, where the amount has not been commuted, may be reviewed upon commencement of reopening proceedings by the employer or the employee within three years from the date of the last payment of weekly benefits made under the award or agreement.

The employer argues that because the commissioner previously concluded Green did not experience a permanent disability, she is barred by res judicata from seeking review-reopening. This premise is not supported by the statute or our case law. In *Beier Glass Co. v. Brundige*, our supreme court discussed the history and procedure of claim review-reopening, including a reference to section 86.14(2), and concluded an "award" of only medical benefits is eligible for a review-reopening. 329 N.W.2d 280, 282–86 (Iowa 1983).

In *Kohlhaas v. Hog Slat, Inc.*, the Iowa Supreme Court clarified what was needed to justify a review-reopening claim, stating:

> The workers' compensation statutory scheme contemplates that future developments (post-award and post-settlement developments), including the worsening of a physical condition or a reduction in earning capacity, should be addressed in review reopening proceedings. Iowa Code § 86.14(2). The review-reopening claimant need not prove, as an element of his claim, that the current extent of disability was not contemplated by the commissioner (in the arbitration award) or the parties (in their agreement for settlement).
> A compensable review-reopening claim filed by an employee requires proof by a preponderance of the evidence that the claimant's *current* condition is "proximately caused by the original injury."

777 N.W.2d 387, 392 (Iowa 2009) (emphasis added) (citation omitted).

> The doctrine of res judicata includes both claim preclusion and issue preclusion. . . . Under issue preclusion, once a court has

> decided an issue of fact or law necessary to its judgment, the same issue cannot be relitigated in later proceedings. . . . Under our four-part test, the doctrine applies to prevent relitigation if:
> > (1) the issue determined in the prior action is identical to the present issue; (2) the issue was raised and litigated in the prior action; (3) the issue was material and relevant to the disposition in the prior action; and (4) the determination made of the issue in the prior action was necessary and essential to that resulting judgment.

*Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 571–72 (Iowa 2006) (citations omitted).

The parties do not dispute Green suffered a work-related injury. The employer contends res judicata bars Green's further recovery because the agency concluded she did not suffer permanent impairment following her 2012 work related injury. But, Green alleges a change of her condition and that her *current* condition constitutes a worsening of her physical condition or that a temporary disability has developed into a permanent disability condition. Both allegations, if proved, are ways to warrant a review-reopening. *Kohlhaas*, 777 N.W.2d at 392.

Summary judgment is only proper when the movant establishes there is no genuine issue of material fact and they are entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3); *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014). We review the record in the light most favorable to the nonmoving party. *Goodpaster*, 849 N.W.2d at 6. And we are mindful that "[o]ur policy is to liberally construe workers' compensation statutes in favor of the worker." *Beier Glass*, 329 N.W.2d at 283.

"To justify an increase in compensation benefits, '[t]he claimant carries the burden of establishing by a preponderance of the evidence that, subsequent to the

date of the award under review, he or she has suffered an impairment or lessening of earning capacity proximately caused by the original injury.'" *Simonson v. Snap-On Tools Corp.*, 588 N.W.2d 430, 434 (Iowa 1999) (emphasis and citation omitted). Green has asserted her change in condition is proximately caused by her work-related injury and submitted medical records in support of her claim. At this point in the proceedings and viewing the evidence in the light most favorable to Green, we agree with the district court that disputed material facts preclude summary judgment in the employer's favor.

While the agency may ultimately determine Green did not prove she was entitled to benefits, the evidence presented is sufficient to establish a factual issue concerning her claim, and Green is entitled to present her evidence and have the agency make a determination based upon that evidence. We thus affirm the ruling of the district court finding the agency erred in granting the employer's motion for summary judgment and dismissing Green's review-reopening petition, and we remand the matter back to the agency for further proceedings.

**AFFIRMED AND REMANDED.**